**Dorothy Casteel MYERS,
Plaintiff-Appellant,**

v.

**UNITED STATES of America et al.,
Defendants-Appellees.**

**No. 79–1134.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 1, 1980.

Decided Jan. 8, 1981.

---

Dorothy Casteel Myers, pro se.

W. J. Michael Cody, U. S. Atty., Joe Dycus, Memphis, Tenn., for SBA et al.

Joe O'Bryan, Thompson, O'Bryan & Martin, Cabot, Ark., for Bank of Cabot.

Wayland A. Parker, Greenwood, Ark., for Vowell.

Before WEICK and LIVELY, Circuit Judges and SPIEGEL, U. S. District Judge.*

PER CURIAM.

Dorothy Casteel Myers (Myers) appeals in pro se from an order of the District Court for the Western District of Tennessee dismissing her action for damages, injunctive and declaratory relief against the United States, the Small Business Administration (SBA), and certain of its employees, the Bank of Cabot, Arkansas, and its President and Robert and Wanda Vowell.

The complaint filed in the district court by Myers also then acting in pro se alleged violation of the Truth In Lending Act, the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution, Consumer Credit Protection Act, and the Federal Torts Claims Act.

The facts as alleged in the complaint were that on September 27, 1968, Myers and her husband borrowed $14,000.00 from the Bank of Cabot (bank) in Arkansas which loan was guaranteed by SBA. The loan was evidenced by a promissory note payable in monthly instalments and was secured by security interest in restaurant equipment which the Myers' were purchasing and was the purpose of the loan. The loan was further secured by Myers executing a second mortgage on real estate owned by them in Memphis, Tennessee. The security interest and the note and second mortgage were assigned by the bank to SBA.

Shortly thereafter on December 11, 1968, Myers and her husband entered into a lease purchase agreement of the equipment with the Vowells who took possession of it and moved it to another location in Arkansas. Both SBA and the bank approved of the agreement which was drawn with the advise and consent of the bank. The Vowells made their payments under the agreement directly to the bank. In 1971, the bank attempted to notify Myers that it was having trouble with the Vowells in collecting payments from them, but it is not clear that Myers ever received any such notice. Later in the year, the bank notified Myers that the loan was delinquent and demanded of her payment in full. On June 7, 1971, SBA notified Myers that Mr. S. Sherrill was in

---

* Honorable S. Arthur Spiegel, United States District Judge, Southern District of Ohio, sitting by designation.

possession of the equipment and that SBA was considering an offer by Sherrill to purchase the equipment for $5,000.00. SBA requested Myers' consent to the private sale to Sherrill but Myers did not consent. A month later on October 29, 1971, SBA notified Myers that the equipment had been sold for $5,000.00 and threatened Myers with foreclosure of the Memphis property. Another similar letter was sent to Myers by SBA on December 17, 1974.

In 1977, Myers endeavored to sell her Memphis property, but was unable to do so because of a cloud on her title created by the second mortgage held by SBA which she contends is no longer valid and enforceable. She wrote to SBA and subsequent thereto, SBA purchased the first mortgage on Myers Memphis property which was then in good standing. In October, 1977, Myers made a payment to SBA designated as a payment on "principal and interest" on the first mortgage which SBA wrongfully and without authority applied on the second mortgage.

On February 10, 1978, SBA notified Myers that it was preparing to advertise her Memphis property for summary foreclosure sale. She then filed the present action proceeding in pro se (1) to enjoin the sale (2) for damages for violation of her rights and (3) other relief.

Defendants filed answers, a motion to strike and a motion to dismiss. On August 13, 1978, the district court, sua sponte, ordered Myers to "set forth in more specifics the basis of her claim within 10 days . . . or the cause will be dismissed." Myers construed this order to require her to file an amended complaint and she requested an extension of time in which to do so. Her motion was granted. An amended complaint was filed in her behalf by John I. Purtle, an Arkansas attorney. The defendants filed a motion to dismiss the amended complaint and her action was dismissed on December 6, 1978 for failure to "set forth a justiciable cause of action." In so doing, the court stated that the amended complaint was filed without leave of court and signed by a "purported attorney." It appears to us that the order could reasonably be construed as granting leave to supply the requested specifics by amended pleading. Myers states that Attorney Purtle is now a Justice of the Supreme Court of Arkansas.

■ In our opinion, the action was improvidently dismissed. There were some issues that Myers was at least entitled to have determined either by a jury or by a court. They are as follows:

(1) The liability of the Vowells either primary or secondary for the full payment of the debt and whether they should indemnify Myers.

(2) Whether Myers was discharged by SBA's failure to exhaust its remedies against Vowells; whether Myers was discharged by the actions of the Bank of Cabot, Arkansas in its dealings with the Vowells.

(3) Whether Myers was discharged by the private sale of the restaurant equipment to Sherrill.

(4) Whether SBA had the right to sell the equipment to Sherrill at a private sale, and if so, whether the price obtained was the fair value of the equipment.

(5) Whether SBA has the right to advertise the Memphis property for summary foreclosure sale.

(6) Whether SBA's claim for a deficiency after having sold to Sherrill is barred by a statute of limitations in either Arkansas or Tennessee.

(7) Whether SBA violated Myers' rights in failing to apply her payment on the real estate mortgage in accordance with her instructions.

(8) Whether Arkansas or Tennessee law applies.

■ Except for the filing of the amended complaint by Attorney Purtle, who is no longer in the case, Myers was at all times acting in pro se and is entitled to liberal and not strict treatment.

It is well settled that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct.

99, 101, 2 L.Ed.2d 80 (1957). The sufficiency of a complaint does not depend on whether the pleader has "set out in detail the facts upon which he bases his claim . . . [A]ll the rules require is a 'short and plain statement of the claim'." *Id.* at 47, 78 S.Ct. at 102.

Under Rule 8(f), F.R.Civ.Pro., "all pleadings shall be so construed as to do substantial justice" and this is particularly true where, as here, any were drafted by someone who is not an attorney. Finally, "the complaint is not to be dismissed because the plaintiff has misconceived the proper theory of the claim, if he is entitled to any relief under any theory." Wright, Law of the Federal Courts § 68 at 287 (2nd ed. 1970).

For error in dismissing plaintiff's action, the judgment of the district court is reversed and the cause is remanded for further proceedings.