**Virginia CHAVIRA, Plaintiff,**

v.

**PAYLESS SHOE SOURCE, Dave Vukovich, Larry Baumeister, and Does 1 through 20, Defendants.**

No. CV–F–91–491.

United States District Court,
E.D. California.

Nov. 14, 1991.

Patience Milrod, Milrod & Phillips, Fresno, Cal., for plaintiff.

Andrew R. Weiss, Baker, Manock & Jensen, Fresno, Cal., for defendants.

## ORDER GRANTING MOTION TO REMAND

DENNIS L. BECK, United States Magistrate Judge.

### INTRODUCTION

Defendant Payless Shoe Source ("Payless") removed this action to U.S. District Court, alleging that plaintiff Virginia Chavira had fraudulently named Dave Vukovich and Larry Baumeister ("the individuals") as defendants in order to destroy diversity. Plaintiff now moves for remand, arguing that she has viable claims against the individuals which she intends to pursue. Plaintiff also requests her costs, including attorneys' fees, pursuant to 28 U.S.C. section 1447(c).

Plaintiff claims that her employer, Payless and her immediate and area supervisors, the individual defendants, discriminated against her on the basis of her gender and her Mexican–American ethnicity. Plaintiff filed her charge of discrimination with the California Department of Fair Employment and Housing ("DFEH") and Equal Employment Opportunity Commission ("EEOC"). The EEOC, as the "lead agency"[1] in this matter, conducted an investigation of Plaintiff's claim and issued a right to sue letter on July 9, 1991. Since the EEOC undertook the investigation as "lead agency" the DFEH closed its files without investigation and issued a right to sue letter on the state claims on June 7, 1990.

Plaintiff then filed her complaint in state court on June 7, 1991, alleging discrimination on the basis of sex and ethnicity under California's Fair Employment and Housing Act ("FEHA"), Government Code section 12900 *et seq.*, and intentional infliction of emotional distress. She also named as defendant her immediate supervisor, Dave Vukovich, alleging that he subjected her to

---

1. The EEOC and DFEH operate under an agreement whereunder complaints filed with one agency are crossfiled with the other. In order to protect the complainant's rights the non-investigating agency issues a right to sue letter even though the other agency is still conducting an investigation.

intimidation, harassment and discriminatory treatment; and she named Mr. Vukovich's supervisor, Larry Baumeister, alleging that she contacted him about her maltreatment and he did not respond.

Defendant Payless, a Missouri corporation, with its principal place of business in Kansas, contends that plaintiff, a California resident, named the individuals, both residents of California, in order to destroy diversity. Payless further contends that joinder of the individual defendants was fraudulent, because plaintiff has no viable cause of action against the individuals and because she does not intend to pursue her claims against them. This assertion rests on three arguments: (1) because plaintiff did not name the individuals in her EEOC/DFEH charge, she has failed to exhaust her administrative remedies and now her FEHA claim is barred by the one year statute of limitations; her intentional infliction of emotional distress claim is (2) barred by the statute of limitations; and, (3) preempted by worker's compensation.

Plaintiff responds that her charge filed with the DFEH/EEOC referenced both individuals, albeit not by name, and thus, under the better rule, she should be able to proceed with her civil suit against the individuals. She also contends that her intentional infliction of emotional distress claim is not preempted by workers' compensation, and that it is not barred by the statute of limitations because it was equitably tolled during the period of the EEOC investigation.

In granting the motion to remand this court finds that the better rule is that a suit against individuals not named in the charge is allowable, if their involvement was likely to be uncovered by an administrative investigation. The Court also finds that, because plaintiff's emotional distress claim arises from the alleged acts of discrimination and because she has not alleged a physical injury or disability, the claim is not preempted by the California

workers' compensation remedy. Thus the individuals were not fraudulently named and the Court must remand for lack of diversity jurisdiction.

## ANALYSIS

"If the plaintiff fails to state a cause of action against a resident defendant, *and* the failure is *obvious* according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). As explained below, plaintiff has stated causes of action against the resident defendants, Messrs. Vukovich and Baumeister, and thus their inclusion was not fraudulent.

(1) *Suit Against the Individuals Is Proper Because They Were Natural Targets of the Administrative Investigation.*

██ It is clear under California law that exhaustion of the FEHA administrative remedy is a precondition to bringing a civil action under the FEHA. *Rojo v. Kliger* (1990) 52 Cal.3d 65, 83, 276 Cal.Rptr. 130, 801 P.2d 373. What is not so clear and is at issue here is, whether parties not specifically named in the original administrative complaint or charge filed with the DFEH/EEOC can be named as defendants in a subsequent civil suit.

As the parties have noted and this Court's research has confirmed, there appears to be only one California decision, *Valdez v. City of Los Angeles* (1991) 231 Cal.App.3d 1043, 282 Cal.Rptr. 726, which addresses this issue. In *Valdez*, the California Court of Appeals for the Second District held that a plaintiff, who had not named three individual defendants in his charge filed with the DFEH, had not exhausted his administrative remedies against those individuals and therefore was not entitled to name them in his complaint.[2] The court rejected the reasoning of the Ninth Circuit Court of Appeals and adopted

---

**2.** The three individual defendants were all officials of the Los Angeles Police Department, the Chief of Police, the Director of the Employee Relations Unit and the Commanding Officer of the last divisions where plaintiff was assigned. None of the three was alleged to have discriminated directly against the plaintiff.

a more restrictive view, ruling that, under California Government Code 12960, a party must have been *named* in the administrative charge of discrimination before they can be named as a defendant in a subsequent civil suit. The court in *Valdez* held that since the Plaintiff had not exhausted his administrative remedies as to the individual defendants and the one year statute of limitations had passed, plaintiff was barred from bringing suit against the individual defendants.

The Ninth Circuit, on the other hand, construes Title VII, 42 U.S.C. section 2000e *et seq.*, to allow suit against a defendant, not named in the charge, so long as the defendants or the EEOC "should have anticipated" that the claimant would name those defendants in a Title VII suit. *Sosa v. Hiraoka*, 920 F.2d 1451, 1458–59 (9th Cir.1990); *Chung v. Pomona Valley Community Hospital*, 667 F.2d 788, 792 (9th Cir.1982). The Ninth Circuit acknowledges that the general rule is that, Title VII claimants may only sue those individuals named in the EEOC charge because only they had an opportunity to respond to charges at the administrative level. *Sosa*, 920 F.2d at 1458. However, claims can be brought against persons not named in the charge, if their involvement in the alleged discriminatory acts was likely to have been revealed in the course of the administrative investigation. *Id.* at 1459.

This court is not bound by the *Valdez* decision. *See Commissioner of Internal Revenue v. Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967). The Court in *Bosch* explained:

> ... the State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State. In this respect, it may be said to be, in effect, sitting as a state court.

*Id.*

With all due respect to the opinion and holding of the California Court of Appeals for the Second District in *Valdez*, this Court believes that the rule established by decisions of Ninth Circuit is superior, more

in keeping with the legislative purpose in enacting the FEHA and the one likely to be adopted by the California Supreme Court.

First, California courts regularly look to federal Title VII cases for guidance in interpreting the FEHA, since the FEHA and Title VII share the same anti-discriminatory objectives and overriding public policy concerns. *Baker v. Children's Hosp. Medical Center* (1989) 209 Cal.App.3d 1057, 1063, 257 Cal.Rptr. 768. Therefore it is proper for this court to consider federal case law construing Title VII in order to determine how FEHA should be implemented.

Secondly, the *Valdez* decision runs contrary to the state legislature's intended construction of the FEHA, which commands that the Act shall be "construed liberally for the accomplishment of the purposes thereof," Government Code section 12993(a). In accord with this expressed legislative intent, other California cases, including those by the same court of appeals, have viewed the charge as not a limiting device but only the basis for the administrative investigation. *Watson v. Department of Rehabilitation* (2nd Dist. 1989) 212 Cal.App.3d 1271, 261 Cal.Rptr. 204, 214; *Baker, supra*, 209 Cal.App.3d at 1063–65, 257 Cal.Rptr. 768; *Jones v. Los Angeles Community College District* (1988) 198 Cal.App.3d 794, 810, 244 Cal. Rptr. 37.

For instance, in *Baker*, the court held that a FEHA complainant could bring suit for discriminatory retaliation owing to the filing of an internal grievance, even though such acts were not mentioned in the administrative charge. 209 Cal.App.3d at 1065. There the court followed federal Title VII precedent, which held that the charge need not " 'presage with literary exactitude the judicial pleadings which may follow,' " but rather " 'the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation.' " *Id.* 209 Cal.App.3d at 1064, 257 Cal.Rptr. 768, quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465–66 (5th Cir.1970). Consequently, the court went on to hold that the action was not barred by the exhaustion doctrine, because it was "reason-

able that an investigation of the allegations in the original DFEH complaint would lead to investigations of subsequent discriminatory acts undertaken by respondents in retaliation for appellant's filing an internal grievance." *Id.* 209 Cal.App.3d at 1065, 257 Cal.Rptr. 768; *see also Watson, supra,* 212 Cal.App.3d at 1288, 261 Cal.Rptr. 204 (complainant could testify about examples of harassment not included in her DFEH charge).

It is only logical, as argued by the dissenting opinion in *Valdez,* that this same liberal construction of Government Code section 12960 should be applied where a party not named in the charge was likely to be discovered or to be part of the administrative investigation. 282 Cal.Rptr. at 737–738. While section 12960 requires the name of the "person [or] employer" responsible for the alleged "unlawful practice complained of ...," the DFEH complaint form provided to Valdez and the Plaintiff here makes no mention of naming the "person" who discriminated against the claimant. Rather the form states: "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME." Below this statement is a box labeled, "name." As the *Valdez* dissent points out, this form is ambiguous. A lay person, such as the plaintiff here, could reasonably interpret the form to call for only her employer's name and not the names of his or her supervisor(s) or those actually responsible for the discrimination.[3] The plaintiff should not be penalized for following such a reasonable reading of the form's instructions.

The *Valdez* decision to read administrative discrimination charges more narrowly than does the Ninth Circuit makes little sense in light of California's intent to supplement and expand the remedies for discrimination already provided by Title VII. For instance, while Title VII only allows damages in the form of back and front pay, *see* 42 U.S.C. section 2000e–5, the FEHA provides for compensatory and punitive damages. *Commodore Home Systems v. Superior Court* (1982) 32 Cal.3d 211, 221, 185 Cal.Rptr. 270, 649 P.2d 912. Adoption of the more narrow rule of *Valdez* would encourage certain victims of discrimination to seek relief in federal court under Title VII rather than pursue their FEHA claim. It would seem unlikely that the California Supreme Court would choose to eviscerate and discourage the development of California's laws against discrimination by adopting the narrow rule announced in *Valdez.*

Finally the narrow rule of *Valdez* is not necessary to protect the rights of Defendants. Under the Ninth Circuit rule only a defendant whose involvement was likely to have been revealed in the course of the administrative investigation may be named in a later civil suit when he/she is unnamed in the administrative charge. *Chung v. Pomona Valley Community Hospital,* 667 F.2d 788, 792 (9th Cir.1982). Such a rule allows the court to protect the rights of unnamed defendants without unduly limiting the rights of victims of discrimination.

Thus this Court chooses to follow the Ninth Circuit rule that a suit may be brought against a party not named in the charge, if the party's involvement was likely to have been revealed in the course of the administrative process. *Sosa, supra,* 920 F.2d at 1459. Here, while the charge does not specifically name the individual defendants, it does make reference to her immediate supervisor.[4] It is certainly more than reasonable that the individual defendants and the EEOC should have anticipated that the claimant would name the individuals in a civil suit. *See Sosa, supra,* 920 F.2d at 1458–59. Moreover, these parties'

---

**3.** Additionally when, as here, the employer is a business entity rather than an individual all involved are aware that one or more individuals must have taken the actions complained of. Furthermore the investigation and response will normally focus upon and involve these very individuals. Thus it is illogical to limit the suit on the grounds that they have not had the opportunity to participate in the administrative process or have insufficient notice of the claims.

**4.** In the particulars of the charge, complainant states that she had been continuously "subjected to intimidation, harassment and unwarranted disciplinary actions by my area supervisor, a male Caucasian."

involvement in the alleged discriminatory acts was likely to have been revealed in the course of the administrative investigation. *Id.* at 1459. Thus plaintiff should be allowed to bring suit against Vukovich and Baumeister, even though they were not specifically named in her administrative charge.

(2) *Plaintiff's Emotional Distress Claim is Not Barred By the Statute of Limitations, Because the Statute Was Tolled During the EEOC Investigation.*

■ The Ninth Circuit has held that an on-going EEOC investigation tolls the statute of limitations on a California FEHA claim, even after the DFEH has issued a right to sue letter. *Salgado v. Atlantic Ritchfield Co.*, 823 F.2d 1322, 1326–27 (9th Cir.1987). There the court reasoned:

> If there is an established administrative mechanism in place to give notice to employers charged with a violation and to undertake efforts at conciliation, it would be anomalous indeed to hold that a claimant, whose use of this mechanism put him outside the relevant time period, could not have that period equitably tolled.

*Id.* at 1326.

The same rule and reasoning applies here. The Court sees no reason why a rule which tolls the statute on a DFEH claim during an EEOC investigation would not toll the statute on a related common law claim. It would indeed be anomalous to encourage a plaintiff to simultaneously pursue a discrimination claim in the administrative process and a related tort claim in the judicial process. This would not only be a waste of administrative and judicial resources, but it would defeat the exhaustion requirement's purpose to resolve disputes and eliminate unlawful employment practices by conciliation. *See Rojo, supra,* 52 Cal.3d at 83, 276 Cal.Rptr. 130, 801 P.2d 373.

Consequently, the Court finds that the statute of limitations on plaintiff's emotional distress claim was tolled during the EEOC investigation, which concluded after she filed her state court action.

(3) *Workers' Compensation Exclusivity Doctrine Does Not Bar Plaintiff's Emotional Distress Claim Because It Arises Out of Alleged Discriminatory Conduct and She Has Not Alleged Any Physical or Disabling Injury.*

■ Workers' compensation is the exclusive remedy for work related injuries, even where the injuries result from intentional misconduct arising out of a normal part of the employment relationship, such as demotions, firings, or disciplinary actions. *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 15, 276 Cal.Rptr. 303, 801 P.2d 1054; *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160, 233 Cal.Rptr. 308, 729 P.2d 743.

However, California courts have held that discrimination, being against the law and policy of this state, is not a normal incident of employment, and thus workers' compensation is not the exclusive remedy for injuries sustained as a result of discrimination. *Watson, supra,* 212 Cal.App.3d at 1287, 261 Cal.Rptr. 204; *Jones, supra,* 198 Cal.App.3d at 807, 244 Cal.Rptr. 37.

Here plaintiff's intentional infliction of emotional distress claim arises out of the alleged incidents of sex and ethnicity discrimination, and thus is not preempted by the workers' compensation exclusivity doctrine.

Moreover, the California Supreme Court, in *Shoemaker, supra,* 52 Cal.3d 1, 276 Cal. Rptr. 303, 801 P.2d 1054, did not resolve the on going dispute of whether a claim for a *non-disabling* emotional injury caused by employment termination is barred by the exclusive remedy provision of the California workers' compensation law.[5] *Shoemaker* only decided that where a complaint includes allegations of *physical disability* resulting from the termination, it is covered by workers' compensation and subject to the exclusive remedy provisions, unless it falls under one of the explicit or implicit statutory exceptions. *See id.* at 7 and 12, 276 Cal.Rptr. 303, 801 P.2d 1054. In fact,

---

5. This issue is before the California Supreme Court in the case of *Lannouette v. Ciba–Geigy*

*Corp.*, docket number S017575 accepted for review 12/3/90. 275 Cal.Rptr. 420, 800 P.2d 898.

*Shoemaker* implicitly preserves the distinction between emotional and physical injuries in its discussion of *Cole, supra:*

> the fundamental basis of workers' compensation is an injury sustained in and arising out of the course of employment when the injury is *'personal physical injury or death.'*

52 Cal.3d at 16, 276 Cal.Rptr. 303, 801 P.2d 1054, quoting *Cole,* 48 Cal.3d at 160, 233 Cal.Rptr. 308, 729 P.2d 743.

The Ninth Circuit has also read *Cole* to hold that, "California's worker compensation law bars claims for intentional infliction of emotional distress that have resulted in *physical injury." Robards v. Gaylord Bros., Inc.,* 854 F.2d 1152, 1158 (9th Cir.1988) (emphasis added). In *Robards* the Ninth Circuit said:

> *Cole* does not affect, and indeed treats as continuing viable authority, prior decisions holding that emotional distress, without physical injury, is not compensable under workers' compensation.

*Id.*

The court accordingly held that an employee's negligent infliction of emotional distress claim arising out of his termination was properly submitted to the jury, because he alleged no physical injury. *Id.*

Plaintiff here, as in *Robards,* has only alleged mental distress and not any disabling or physical injury. Following the Ninth Circuit's reading of *Cole,* plaintiff's claim for intentional infliction of emotional distress is not barred by the exclusivity provision of worker's compensation law.[6]

(4) *Plaintiff Is Entitled to Her Reasonable Attorneys' Fees As Defendant's Removal Was Frivolous.*

As previously stated, inclusion of a defendant is not frivolous unless "plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious* according to the settled rules of the state." *See McCabe, supra,* 811 F.2d at 1339 (emphasis added). At the time plaintiff filed her complaint in state court, it was not only not "obvious" that settled rules of the state barred her action, there was no law, settled or unsettled, that prevented her from bringing her claims.

Defendant's first attack, that *Valdez* bars plaintiff's claims, is not grounds for finding that plaintiff fraudulently named the individuals. Not only does *Valdez* not represent "settled rules of the state," as discussed above, but the decision was filed June 27, 1991, some twenty days *after* plaintiff filed her complaint in state court. *Valdez* thus clearly did not bar plaintiff's suit at the time of its filing.[7]

Defendant's argument that plaintiff's emotional distress claim was preempted by the worker's compensation exclusivity doctrine is also not well taken. In fact, as discussed above, the only California cases to address the issue specifically exclude discrimination based claims from the worker's compensation exclusivity doctrine. Moreover, as discussed above, controlling Ninth Circuit law holds that claims for non-disabling injuries are also not preempted by worker's compensation, and thus plaintiff's claim is not barred.

Lastly, as explained above, Ninth Circuit law leads this Court to find the statute of limitations on plaintiff's emotional distress claim to have been tolled during the EEOC investigation. Thus plaintiff's second cause of action was clearly *not* barred by the statute of limitations at the time plaintiff's suit was filed.

---

**6.** The Court is well aware of the several California appellate decisions that have abandoned the physical versus non-physical injury distinction upheld in *Cole. See, e.g.s, Semore v. Pool* (1990) 217 Cal.App.3d 1087, 1104, 266 Cal.Rptr. 280, review denied 5/31/90; *Horn v. Bradco Intern. Ltd.* (1991) 232 Cal.App.3d 653, 283 Cal.Rptr. 721, 731. However, the California Supreme Court has not yet resolved the issue, and until it does this Court is bound by the Ninth Circuit's reading of California law, as set out in *Robards.*

**7.** While it certainly is proper for the individual defendants to seek dismissal in state court based upon the *Valdez* decision, the fact that it was decided after the filing here and does not set forth nor rest upon clearly established law makes it an inappropriate basis for Payless' removal motion.

Plaintiff has alleged valid state claims against the individuals here, and thus defendant's removal based on fraudulent joinder was unjustifiable. Accordingly, pursuant to 28 U.S.C. section 1447(c), plaintiff is entitled to her costs, including reasonable attorneys' fees, incurred in fighting this removal. *See Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D.Cal.1989) (plaintiff's cost for remand motion awarded, where defendant's arguments for removal where "make-weights at best").

## CONCLUSION

Plaintiff has viable state claims against all of the defendants named in her state court complaint, and thus this Court did not have jurisdiction. The Court remands this case back to state court, and orders Payless to pay plaintiff's costs, including reasonable attorneys' fees, incurred in filing her motion to remand.

Plaintiff's counsel is directed to submit a declaration in support of her request for attorney's fees within ten (10) days of service of this order and defendant shall have ten (10) days to respond.