Nancy E. **BENNETT**,
**Plaintiff/Appellant,**

v.

**STEINER–LIFF IRON AND METAL COMPANY, Defendant/Appellee.**

Supreme Court of Tennessee,
at Nashville.

Feb. 24, 1992.

Diane E. Gatchell, Forbes, McKelvey & Associates, Franklin, for plaintiff/appellant.

Marian F. Harrison, Jeffrey Rappuhn, Willis & Knight, Nashville, for defendant/appellee.

## OPINION

O'BRIEN, Justice.

The plaintiff, Nancy Bennett, was an employee of Steiner–Liff Iron and Metal Company, Inc., in Nashville, Tennessee. She had been employed by defendant for approximately seven (7) months when she voluntarily resigned on 28 January 1987. On 4 February 1987 she filed a charge of discrimination with the Tennessee Human Rights Commission and the Federal Equal Employment Opportunity Commission. The particulars of the complaint were that she was forced to resign her position as dispatcher (constructively discharged). She charged she was discriminated against because of her sex (female) for a number of reasons specifically set out in the charge of discrimination. Her complaint lay dormant until 9 March 1988. No action was taken on it by the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission until the latter agency issued a notice of right to sue, at Ms. Bennett's request, on 9 March 1988. On 2 May 1988 a suit was filed by Ms. Bennett in the United States District Court for the Middle District of Tennessee against Steiner–Liff charging employment discrimination because of her sex and for bringing about her *constructive* discharge in a retaliatory fashion in violation of Title VII to the Civil Rights Act of 1964. The complaint included a State Pendent Claim for the same practices and policies in violation of T.C.A. § 4–21–401, under the provisions of the Tennessee Human Rights Act. On 22 May 1989 the district court judge dismissed the Pendent State Claims for various reasons he set forth in an attached memorandum. On 18 July 1989 this suit was brought by Ms. Bennett in chancery court, charging defendant had violated her rights by employment discrimination because of her sex, in violation of the Human Rights Act, T.C.A. § 4–21–401 and for bringing about her *constructive* discharge in a retaliatory fashion in violation of T.C.A. § 4–21–301. On 16 October 1989 on motion to dismiss filed by the defendant, briefs, arguments of counsel, and the entire record the trial court found that plaintiff's claim of discrimination based upon the Tennessee Human Rights Act was filed as a direct action as set forth in T.C.A. § 4–21–311, and was barred by the one-year limitation period contained in T.C.A. § 28–3–104. He also found that the claim of constructive retaliatory discharge was likewise barred by T.C.A. § 28–3–104 and, in view of that, it was unnecessary to consider whether plaintiff's common-law claim of *constructive* retaliatory discharge stated a claim under Tennessee law. The action was dismissed and appeal was taken to the Court of Appeals by the plaintiff.

The Court of Appeals found that Ms. Bennett elected to pursue her State claims through the Tennessee Human Rights Commission under the auspices of T.C.A.

§ 4–21–302 as opposed to direct action in chancery court under T.C.A. § 4–21–311. The court concluded if plaintiff had intended to pursue the complaint before the commission, 180 days after filing the complaint she could have asked the chancery court to direct the commission to schedule a hearing. T.C.A. § 4–21–307(c). Or she could have proceeded to file a direct action in the chancery court within a year of the time the cause of action accrued. It concluded that since plaintiff did neither and elected to pursue her claim through the federal court she had abandoned any rights she might have had before the commission.

It further found that, since the action in federal court was filed more than one (1) year after plaintiff's cause of action accrued, plaintiff's right to proceed by direct action on the claim in the State court for a violation of the Tennessee Human Rights Act had lapsed. It affirmed the judgment of the trial court in dismissing the claim under the Tennessee Human Rights Act.

In reference to the retaliatory discharge claim the Court of Appeals expressed the view that the legal distinction to be made between a cause of action for injuries to the person versus an action for injuries to property was important in the context of an action for a retaliatory discharge. It elected to consider that issue. It found that the damages sought by plaintiff for alleged retaliatory discharge were damages which accrued to her as a result of an interference with her status as an employee of the defendant, which was an interest created by contract. Thus, these were damages to her property which brought her claim within the three-year period of limitations set out in T.C.A. § 28–3–105. It reversed the dismissal of the claim alleging a cause of action for retaliatory discharge. The defendant below, Steiner–Liff Iron and Metal Company, has appealed that decision.

We agree with the Court of Appeals' judgment affirming the dismissal of plaintiff's claim based on a violation of Tennessee Human Rights Act. We are of the opinion that court erred in reversing the dismissal of the claim alleging a cause of action for retaliatory discharge.

We have reviewed this record extensively. There is absolutely no evidence that Ms. Bennett was employed for a specific term, or that there was ever any formal contract of employment between her and the defendant. Insofar as this record shows she was an employee at will. *See Chism v. Mid–South Milling Co., Inc.*, 762 S.W.2d 552, 553 (Tenn.1988). The employment at-will doctrine has been a part of Tennessee's common-law legal tapestry for more than a century. The doctrine recognizes the concomitant right of either party to terminate such a relationship with or without cause. *Chism*, supra, p. 555. On the other hand a contract of employment for a definite term may not be terminated before the end of the term, except for good cause or by mutual agreement, unless the right to do so is reserved in the contract. *Nelson Trabue, Inc. v. Professional Management–Automotive, Inc.*, 589 S.W.2d 661 (Tenn.1979). It is possible that some contractual right might accrue to an employee as the result of an unlawful termination of such a contract. However, without a clear contract under which such rights may vest, employees in this State possess no property right in their employment under the circumstances which we have at hand. We know of no court decision, nor have we been referred to one, which holds that an employee has a contractual right under the employment at-will doctrine.

Moreover, T.C.A. § 28–3–104 specifically holds that an action brought under the Federal Civil Rights statutes, shall be commenced within one (1) year after the cause of action accrues. Plaintiff filed her complaint charging a violation of T.C.A. § 4–21–101 and § 4–21–401. These statutes are an integral part of the Tennessee Human Rights Act. The stated purpose and intent of Title 4, Chapter 21, is to provide for execution within Tennessee of the policies embodied in the Federal Civil Rights Act; (§ 4–21–101(a)(1)). Nothing could be more clear. The one (1) year limitation period to initiate suit in T.C.A. § 28–3–104 applies.

The judgment of the Court of Appeals holding to the contrary is reversed. Its action in dismissing the plaintiff's claim based on a violation of the Tennessee Human Rights Act is affirmed. We concur in its judgment that the issue of whether plaintiff has stated a cause of action for a *constructive* retaliatory discharge should be pretermitted because it was not decided at the trial level.

The costs on this appeal are assessed against the plaintiff.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.