Jenny BURNETT, Plaintiff,

v.

TYCO CORPORATION, Grinnell
Corporation and Jim Phillips,
Defendants.

No. 96–1132.

United States District Court,
W.D. Tennessee,
Eastern Division.

July 19, 1996.

Justin Gilbert, Jackson, TN, for plaintiff.

Michael McLaren and Cheryl Rumage, Memphis, TN, for defendants Tyco Corp. and Grinnell Corp.

William Sossaman, Memphis, TN, for defendant Phillips.

## ORDER GRANTING DEFENDANT PHILLIPS' MOTION TO DISMISS

TODD, District Judge.

This action involves a claim of sexual harassment pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Tennessee Human Rights Act, Tenn.Code Ann. § 4–21–101 *et seq.* Plaintiff Jenny Burnett is an employee of Grinnell Corporation. She filed suit against Grinnell and its personnel manager, Jim Phillips, and also against Grinnell's parent company, Tyco Corporation. Plaintiff seeks both compensatory and punitive damages, and also invoke the court's supplemental jurisdiction to hear various state law tort claims. Before the court is a motion to dismiss on behalf of Defendant Phillips. Plaintiff has responded to the motion.

■ A motion to dismiss under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. Rule 8(a) requires the pleader to set forth a short and plain statement of the claim showing an entitlement to relief. In evaluating a motion to dismiss under Rule 12(b)(6), all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). In appraising the sufficiency of the complaint, the accepted rule is that "all a complaint need do is afford the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957)). A motion to dismiss under Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 101–02); *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993). A complaint should not be dismissed because it does not state all the elements giving rise to a legal basis of recovery or because plaintiff misconceived the proper theory or claim if plaintiff is entitled to relief under any theory. *Myers v. United States,* 636 F.2d 166 (6th Cir.1981); *Thomas W. Garland, Inc. v. City of St. Louis,* 596 F.2d 784 (8th Cir.1979), *cert. denied,* 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

### Individual Liability

■ Title VII provides that "it shall be an unlawful employment practice for an employer" to discriminate on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2. A person aggrieved by such discrimination may bring a civil action against the "employer." 42 U.S.C. § 2000e–5(b). "Employer" is defined to mean "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person." 42 U.S.C. § 2000e(b). Under the THRA, which proscribes the same type of conduct, "employer" is similarly defined as "the state, or any political or civil subdivision thereof, and persons employing eight (8) or more persons within the state, or any person acting as an agent of an employer, directly or indirectly." Tenn.Code Ann. § 4–21–102(4). Defendant Phillips contends that neither Title VII nor

the THRA allows employees or supervisors to be sued as individuals but, instead, provide a remedy only against the employer. Plaintiff argues that the use of the term "agent" in the statutes allows her to sue both her employer and Defendant Phillips as an individual.

Eight Courts of Appeals have specifically addressed this issue, and a clear majority has held that an employee/supervisor cannot be held liable individually under Title VII and similar statutory schemes. In *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994), the Fifth Circuit held that Title VII does not provide for liability against individual employees who do not otherwise qualify as employers. *Id.* at 650. The court reversed a jury verdict in favor of the plaintiff against the defendant branch manager who had participated in the sexual harassment of the plaintiff. *Id.* at 651. The court noted that Congress could have made individual employees who engage in discriminatory acts liable for damages but did not:

> Congress has proscribed conduct by 'persons' in other statutory schemes. *See* 42 U.S.C. § 1981, 1983, 1985, 1986. The absence of specific language making a non-employer individual liable for these damages, when Congress has included such language in other contexts, indicates that Congress did not intend to impose individual liability for backpay damages under title VII, unless the individual meets the statutory definition of 'employer.' In sum, there is no indication anywhere in title VII that Congress intended to impose individual liability in such a circumstance.

*Id.* at 653.

In reaching its decision, the Fifth Circuit cited *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991), and *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 584 (9th Cir.1993), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994) that had reached the same result.

In *Busby,* the Eleventh Circuit held that individual capacity suits are not authorized under Title VII. The court stated:

> The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a

violation of the Act.... We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

931 F.2d at 772.

The issue of individual liability under Title VII was discussed extensively by the Ninth Circuit in *Miller.* Because the term "employer" under Title VII is defined to include any agent of the employer, some courts have reasoned that supervisors are themselves employers for purposes of liability. 991 F.2d at 587 (citations omitted). *Miller* rejected this reasoning by stating that the purpose of the agent provision was to incorporate respondeat superior liability into the statute. *Id.*

> The statutory scheme itself indicates that Congress did not intend to impose individual liability on employees. Title VII limits liability to employers with fifteen or more employees ... in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims. If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.

*Id. Miller* also interpreted *York v. Tenn. Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982), as holding that individuals may only be liable in their official capacities under Title VII. *Id.*

The Second Circuit, in *Tomka v. Seiler Corp.,* 66 F.3d 1295 (2d Cir.1995), affirmed the dismissal of the Title VII claims against the individual defendants. The court focused on the statutory scheme and the remedial provisions, and determined that "Congress intended to limit liability to employer-entities with fifteen or more employees. A finding of agent liability, moreover, would lead to results that Congress could not have contemplated." *Id.* at 1314.

In *Smith v. St. Bernards Reg. Med. Ctr.,* 19 F.3d 1254 (8th Cir.1994), the court held that the claims against the individual defendants had been properly dismissed because

liability under Title VII could only attach to employers. The holding did not distinguish between co-workers and supervisory employees. Subsequently, in *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377 (8th Cir.1995), the court noted that the issue of whether supervisors, as opposed to co-workers, could be held individually liable under Title VII had not been specifically addressed in *Smith*. *Id.* at 380. However, the court went on to cite with approval those circuits rejecting such individual liability under Title VII, and held that the definition of "employer" in the Missouri Human Rights Act should be interpreted in a manner consistent with those decisions. *Id.* at 380–81.

The Seventh Circuit addressed the issue in *United States E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995), a case arising under the Americans with Disabilities Act (ADA). The court noted the similarities in the statutory definition of "employer" in the ADA, Title VII, and the Age Discrimination in Employment Act (ADEA), and concluded that the use of the phrase "and any agent" was to provide for *respondeat superior* liability. *Id.* at 1281. The court held that "individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA." *Id.* at 1282.

The status of the law in the Tenth Circuit is somewhat unclear. In *Sauers v. Salt Lake Co.*, 1 F.3d 1122 (10th Cir.1993), the court stated:

> "[t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."

*Id.* at 1125 (quoting *Busby*, 931 F.2d at 772) (emphasis in original). Nevertheless, in *Ball v. Renner*, 54 F.3d 664 (10th Cir.1995), the court called the issue an "open question," citing *Sauers* and *Brownlee v. Lear Siegler Management Serv. Corp.*, 15 F.3d 976, 978 (10th Cir.1994). *Id.* at 667–68. *Brownlee*, however, did not involve the issue of whether

an employee/supervisor could be held individually liable under Title VII; rather, it involved whether the discriminatory intent of a principal could be imputed to an agent. 15 F.3d at 977–78.

The Fourth Circuit, in *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994), held that the ADEA "limits civil liability to the employer." *Id.* at 511. However, the court indicated in a footnote that an employee may not be shielded from liability in all circumstances, and stated that "we address here only personnel decisions of a plainly delegable character." *Id.* at 510 n. 1 (citing *Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989)). Thus, it appears that the Fourth Circuit may allow individual liability in some instances.

The Sixth Circuit has specifically recognized that it has not directly addressed the issue of individual liability under Title VII. *See Wilson v. Nutt*, 69 F.3d 538 (table), 1995 WL 638298, **2 & n. 3 (6th Cir. Oct. 30, 1995). Plaintiff, however, argues that the Circuit's prior decisions indicate that it is permissible to hold an employee/supervisor individually liable under Title VII. She relies on *Jones v. Continental Corp.* 789 F.2d 1225 (6th Cir.1986), and *Kauffman v. Allied Signal, Inc.*, 970 F.2d 178 (6th Cir.1992).

In *Jones*, the issue was whether, for the purpose of assessing attorneys fees under 28 U.S.C. § 1927, it was "unreasonable and vexatious" to sue an individual defendant under Title VII. 789 F.2d at 1231. The Court of Appeals stated that individuals may be held liable as "agents" of the employer; therefore, the individuals were properly sued. *Id.* This is merely a statement that a supervisor may be liable as a representative of the employer, not a conclusion that he may be personally liable. The same rule was announced in *York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360, 362 (6th Cir.1982). In *Kauffman*, suit was not filed against the supervisor; therefore, that issue was not before the court. Instead, the issue was whether the supervisor was an agent of the employer so that the employer was liable for his actions. 970 F.2d at 181.

Although the Court of Appeals has not spoken, several district courts within the Sixth Circuit have also rejected the concept of individual liability under Title VII. *See, e.g., Frizzell v. Southwest Motor Freight, Inc.,* 906 F.Supp. 441, 447–48 (E.D.Tenn. 1995) (analyzing authorities under Title VII in determining that an employee/supervisor cannot be individually liable under the THRA); *Wilson v. Wayne County,* 856 F.Supp. 1254, 1261–1264 (M.D.Tenn.1994); *Arnold v. Welch,* No. 1:92–cv–562 (E.D.Tenn. Mar. 21, 1994); *Lowry v. Clark,* 843 F.Supp. 228, 229–31 (E.D.Ky.1994); *Babb v. Bridgestone/Firestone,* 861 F.Supp. 50, 52 (M.D.Tenn.1993). Thus there is no doubt that the great weight of authority does not permit the imposition of individual liability under Title VII.

The Tennessee Supreme Court has not addressed whether individual liability may be imposed under the THRA. However, the stated purpose of the THRA is to "[p]rovide for execution within Tennessee of the policies embodied in the federal Civil Rights Act[ ] of 1964 . . . ." Tenn.Code Ann. § 4–21–101(a)(1). This purpose was reiterated by the Tennessee Supreme Court in *Bennett v. Steiner–Liff Iron and Metal Co.,* 826 S.W.2d 119, 121 (Tenn.1992). Thus, the THRA should be construed in the same manner as Title VII.

The Tennessee Court of Appeals has ruled, in two unreported decisions, that individual liability may be imposed under the THRA. *See Wood v. Emerson Electric Co.,* No. 01–A–01–9310–CH–00467, 1994 WL 716270 (Tenn.Ct.App. Aug. 12, 1994); *Gifford v. Premier Mfg. Corp.,* No. 18, 1989 WL 85752, *4 (Tenn.Ct.App. Aug. 1, 1989). However, in neither *Wood* nor *Gifford* did the Court of Appeals analyze how the federal courts have interpreted the term "employer" under Title VII. In *Arnold,* Judge Edgar concluded that, in light of the similar policies and provisions of the THRA and Title VII, the Tennessee Supreme Court would hold that individuals may not be held liable under the THRA. *See also Frizzell,* 906 F.Supp. at 449.

■ This court has previously ruled that individual liability may not be imposed under Title VII or the THRA. *See Hurley v. Florida Steel Corp.,* No. 94–1065, 1995 WL 901890, 1995 WL 877498 (W.D.Tenn. Sept. 9, 1994 and Oct. 11, 1995); *Scarborough v. Brown Group, Inc.,* 935 F.Supp. 954 (W.D.Tenn.1995). Plaintiff has cited no authority that persuades the court to hold otherwise. Indeed, the foregoing analysis shows that the weight of authority rejecting individual liability is now even greater. Therefore, the Title VII and THRA claims against Defendant Phillips must be dismissed.

*Statute of Limitations*

■ Defendant Phillips also contends that the state law claims asserted against him, including the THRA claims as well as the claims for intentional and/or negligent infliction of emotional distress, outrageous conduct, invasion of privacy, and assault and battery, are barred by the applicable statutes of limitation. Plaintiff, however, contends that the statutes of limitation on the state law claims are tolled by her timely filing of administrative charges. In support of her position, Plaintiff relies on *Anderson v. Yarp Restaurant, Inc.,* No. 94 CIV 7543, 1996 WL 271891 (S.D.N.Y. May 21, 1996), *Brown v. Bronx Cross County Medical Group,* 834 F.Supp. 105, 111 (S.D.N.Y.1993), and *Chavira v. Payless Shoe Source,* 140 F.R.D. 441, 446 (E.D.Cal.1991).

■ Under the THRA, there are two ways of pursuing a claim of discrimination, and a claimant must elect between these remedies. The first method is to file an administrative charge with the Tennessee Human Rights Commission (THRC). Tenn.Code Ann. §§ 4–21–302 to –306. If no action has been taken within 180 days of the filing of the charge, the complainant may petition the chancery court to order the THRC to act. Tenn.Code Ann. § 4–21–307(c). Pursuant to Tenn.Code Ann. § 4–21–311, the alternative method of pursuing a claim of discrimination is to file a direct action in the chancery court within one year after the discriminatory practice ceases, bypassing the administrative procedures. *See Bennett v. Steiner–Liff Iron and Metal Co.,* 826 S.W.2d 119, 121 (Tenn.1992); *Hoge v. Roy H. Park Broadcasting of Tenn., Inc.,* 673 S.W.2d 157, 160

(Tenn.App.1984); *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1484–85 (6th Cir. 1989); *Easter v. Martin Marietta Energy Sys., Inc.,* 823 F.Supp. 489, 496 (E.D.Tenn. 1991).

Tennessee law makes it clear that the THRA's one year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRC or the EEOC. *Bennett,* 826 S.W.2d at 121; *Puckett,* 889 F.2d at 1485–86; *Easter,* 823 F.Supp. at 496. In *Bennett,* the plaintiff claimed she was constructively discharged on January 28, 1987. She filed administrative charges with the EEOC and the THRC on February 4, 1987. No action was taken by either agency until the plaintiff requested a notice of right to sue, which was issued on March 9, 1988. Plaintiff filed suit in federal court within ninety days, but her pendent state claims under the THRA were dismissed on May 22, 1989; she subsequently filed suit in chancery court on July 18, 1989, asserting the same THRA claims. 826 S.W.2d at 120. The Tennessee Court of Appeals ruled that the plaintiff did not pursue her THRA claim by asking the chancery court to direct the commission to schedule a hearing, nor did she file a direct action within one year. Because the action in federal court was filed more than one year after the cause of action accrued, her right to proceed on the THRA claims had lapsed. *Id.* at 121. The Tennessee Supreme Court affirmed. *Id.*

In this case, Plaintiff's cause of action accrued, at the latest, on December 29, 1994. She filed charges with the THRC and the EEOC on December 15, 1994. No action was taken until, at her request, a notice of right to sue was issued on May 29, 1996. She filed suit in this court on June 4, 1996, within ninety days of receiving the notice, but more than one year after the cause of action accrued. This is precisely the situation in *Bennett;* therefore, the THRA claims are barred by the statute of limitations.

Notwithstanding the cases cited by Plaintiff, the court is also unpersuaded that filing administrative charges with the THRA and the EEOC tolled the limitations period for the remaining state law claims. The court in *Brown,* 834 F.Supp. at 111, stated that tolling

was necessary because the plaintiff was "entitled to have her state claim resolved together with her federal claim in federal court under the Court's supplemental jurisdiction. . . ." Such a statement ignores the fact that 28 U.S.C. § 1367 is only a grant of jurisdiction over otherwise valid claims; it does not "entitle" a plaintiff to bring a time-barred state law claim in federal court merely because she also has a federal claim arising out of the same facts. A federal court is obligated to apply the applicable state law, and may not simply ignore a clear statute of limitation. Plaintiff has cited no Tennessee decisions, and the court has found none, indicating that the Tennessee courts would allow tolling under these circumstances. Therefore, Plaintiff's claims of intentional and/or negligent infliction of emotional distress, outrageous conduct, invasion of privacy, and assault and battery are time-barred.

### Conclusion

In accordance with the foregoing discussion, Defendant Phillips' motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.