Kinley HULLOM, Plaintiff,

v.

The CITY OF JACKSON, TENNESSEE, Defendant.

No. 08–cv–1227.

United States District Court, W.D. Tennessee, Eastern Division.

June 3, 2009.

Paul Anthony Robinson, Jr., Law Offices of Paul Robinson, Memphis, TN, for Plaintiff.

John D. Burleson, Geoffrey A. Lindley, Rainey Kizer Reviere & Bell, Jackson, TN, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIM UNDER THE TENNESSEE HUMAN RIGHTS ACT

J. DANIEL BREEN, District Judge.

The Plaintiff, Kinley Hullom, brought this civil action against the Defendant, the City of Jackson, Tennessee, pursuant to the Tennessee Human Rights Act ("THRA"), Tenn.Code Ann. § 4–21–101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* He is claiming employment discrimination based on race. The Defendant has filed a motion to dismiss Hullom's cause of action under the THRA. After consideration of the parties' respective positions, the Defendant's motion is **GRANTED.**

## FACTUAL BACKGROUND

Hullom began working for the Jackson Fire Department in 1972. (Docket Entry ("D.E.") No. 1, Complaint, at ¶ 9.) He was promoted to Captain in 1988 and became the first African American to hold the position of Battalion Chief in 1996. (*Id.*) On June 29, 2007 and again on August 20, 2007, Plaintiff was suspended without pay and demoted back to the rank of captain due to allegations of dereliction of duty, failure to provide important information to responding emergency personnel, failure to make proper command decisions during an emergency, and providing a false statement to an investigator. (*Id.* at ¶¶ 9–10.) The Mayor of Jackson affirmed the disciplinary action against the Plaintiff on October 15, 2007, and the Civil Service Board agreed with that decision on October 29, 2007. (*Id.* at ¶ 9.) Hullom asserts that his suspension and demotion were motivated by his race. (*Id.* at ¶ 34.)

In November 2007, Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission ("THRC"). (D.E. 8, THRC Charge.) On August 27, 2008, the THRC issued a Notice of Determination, dismissing the complaint because it found "no reasonable cause to believe that the [Defendant] engaged in a discriminatory practice." (D.E. 8, Notice of Determination.) On September 26, 2008, the Plaintiff presented his complaint to this

Court, which included the claim under consideration. (D.E. 1, Complaint.)

## STANDARD OF REVIEW

■ While the Defendant invokes Rule 12(b)(6), it has presented additional evidence outside of the pleadings. Federal Rule of Civil Procedure 12(d) provides:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As such, the Court will treat this as a motion for summary judgment. Federal Rule of Civil Procedure 56 provides that

judgment ... should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir.1988). In reviewing a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof, such as depositions and affidavits, the nonmoving party may not rest on the pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *see also Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 250 (6th Cir.1998). It is insufficient for the nonmoving party "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [an] asserted cause[ ] of action." *Lord v. Saratoga Capital, Inc.*, 920 F.Supp. 840, 847 (W.D.Tenn.1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989)). Finally, the "judge may not make credibility determinations or weigh the evidence." *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir.1994).

## ANALYSIS

■ The THRA provides that it is a discriminatory practice for an employer to "[f]ail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race...." Tenn.Code Ann. § 4–21–401. "Any person injured by any act in violation of the provisions of" the THRA has a civil cause of action. Tenn.Code Ann. § 4–21–311(a). There are two ways in which a claim for race discrimination may be brought under this Tennessee statute: (1) filing a complaint with the THRC, whose adverse determination may later be reviewed in state court, or (2) filing a direct action in the chancery court. *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1483–84 (6th Cir.1989) (citing Tenn.Code Ann. §§ 4–21–302, –311). Interpreting deci-

sions of the Tennessee Court of Appeals, the Sixth Circuit has noted that the THRA forces a plaintiff to make an election between these two methods of review. *Id.* at 1485 (citing *McClements v. N. Am. Phillips Consumer Elec. Corp.*, No. 1273, 1989 WL 61274 (Tenn.Ct.App. June 9, 1989); *McClure v. Bush Bros. & Co.*, No. 53, 1987 WL 18906 (Tenn.Ct.App. Oct. 27, 1987)). When a plaintiff chooses "the administrative route and follow[s] it through to the conciliation stage, a direct action in chancery court is barred." *Id.* In other words, once a plaintiff obtains a decision through one method of review, he cannot pursue a different avenue in an attempt to get a "second bite at the apple." *Id.* at 1486.

■ In this case, the Defendant argues that, because the THRC issued a Notice of Determination on August 27, 2008 regarding the THRA claim at issue, Hullom is precluded from bringing this claim or seeking administrative review in federal court. This Court agrees that the Plaintiff's election—to obtain a final order from the THRC on the merits—prevented him from bringing an original action in any court. *Puckett*, 889 F.2d at 1485. The THRA permits judicial review of the administrative decision, but only upon filing a petition with the state circuit or chancery court within thirty days of the THRC's order. Tenn.Code Ann. § 4–21–307(a), (b)(3). While the Plaintiff's complaint was filed in this Court within that time limit, the statute expressly states that "[t]he jurisdiction of the chancery court or circuit court shall be exclusive." § 4–21–307(e)(1). Thus, this Court lacks subject matter jurisdiction to review administrative orders of the THRC, and the THRA claim brought by the Defendant must be dismissed.

The Plaintiff's response to the Defendant's motion is unavailing for several reasons.[1] Most importantly, it focuses entirely on the statute of limitations and does not address the Defendant's argument about preclusion due to election of administrative review.[2] This Court need not

1. Aside from failing to address the Defendant's legal argument, the Plaintiff filed his response nine days late. This Court previously granted the Plaintiff's request for an extension of time to file a response and extended the deadline to April 3, 2009. (D.E. 12.) Despite this order, the Defendant's response was filed on April 12, 2009. (D.E. 13.) *See* Fed.R.Civ.P. 16(b)(4) (providing that a scheduling order may be modified "only for good cause and with the judge's consent"). Also, he relies on *Roland v. Kroger*, No. CIV–82–394 (E.D.Tenn. May 13, 1983), which is a nonbinding, unpublished case that the Sixth Circuit found was later overruled by subsequent opinions of the Tennessee Court of Appeals, *Puckett*, 889 F.2d at 1486, and he failed to attach a copy of this case in contravention of the local rules. *See* L.R. 83.6, Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn. ("When a case cited by counsel does not appear in a standard reporting series to which the court and opposing counsel could reasonably be expected to have access, counsel shall furnish a copy of the case to the court and opposing counsel."). Finally, his assertion—that pendency of an EEOC charge tolls the statute of limitations for state law claims—is contrary to case law from this Circuit, which he fails to discuss. *See Martin v. Boeing–Oak Ridge Co.*, 244 F.Supp.2d 863, 871–72 (E.D.Tenn.2002) (stating that "'THRA's one year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRC or the EEOC'") (quoting *Burnett v. Tyco, Corp.*, 932 F.Supp. 1039, 1044 (W.D.Tenn.1996)).

2. On May 18, 2009, the Plaintiff apparently attempted to file a request to submit a reply, though this is not clear from his filing. (*See* D.E. 17.) However, he did not submit a motion, supporting memoranda, certificate of service, or certificate of consultation. Instead, he uploaded two copies of a proposed order in violation of multiple aspects of the local rules of this district. For example:

> The clerk shall accept for filing only those motions in civil cases that are *accompanied by a supporting memorandum* of facts and law, and (except in the case of an ex parte motion) a *certificate of service* of the motion and memorandum upon all other parties to

rule on the statute of limitations issue because it lacks subject matter jurisdiction to conduct a judicial review of the THRC's order, and a direct claim under the THRA is precluded. (D.E. 8, Notice of Determination.)

## CONCLUSION

For the reasons articulated herein, the Court **GRANTS** the Defendant's motion to dismiss the Plaintiff's claim under the THRA.

the action.... All motions, except motions pursuant to Fed.R.Civ.P. 12, 56, 59 and 60 shall be accompanied by a proposed order in a word processing format *sent to ECF mailbox only* for presiding judge.... All motions, including discovery motions but not including motions pursuant to Fed. R.Civ.P. 12, 56, 59 and 60 shall be accompanied by a *certificate of counsel* affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.

L.R. 7.2(a)(1), (a)(1)(A), Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn. (emphasis added). A deficiency notice was filed giving the Plaintiff *one day* to submit a proper motion. (D.E. 18.) *Three days* later, the Plaintiff corrected the problems, and this Court granted his motion for an extension of time, giving him until June 2, 2009 to file a response. (D.E. 20.) The Plaintiff again failed to file a response by the deadline imposed by this Court's order.