Filed 3/28/14  Burgueno v. Epic Imports CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LOUIS BURGUENO, | B240733 (Consolidated w/B244936) |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC430391) |
| v. | |
| EPIC IMPORTS, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Magnanimo & Dean, Lauren A. Dean and Frank A. Magnanimo for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

In these consolidated appeals, Louis Burgueno challenges the judgment entered after the jury returned a special verdict finding in favor of Epic Imports, LLC (Epic), and the trial court's orders denying his motions for new trial, judgment notwithstanding the verdict, and attorney fees. Burgueno contends: 1) the evidence was insufficient to support the jury's finding that Epic did not knowingly and intentionally fail to furnish him with accurate wage statements; 2) the evidence was insufficient to support the jury's finding that Epic's failure to pay him all wages upon termination was not willful and deliberate; 3) the trial court abused its discretion in excluding evidence; and 4) the trial court either lacked discretion or abused its discretion when it denied him attorney fees. Burgueno has forfeited these claims on appeal by failing to fully and fairly discuss conflicting evidence, properly cite to the record, and produce an adequate record on appeal.

## DISCUSSION

First, with respect to his challenges to the sufficiency of evidence supporting the verdict, "[a] party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable." (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218.) Our review of the record reveals that Burgueno failed to fully and fairly discuss conflicting evidence in the statement of facts, not even acknowledging the contrary testimony offered by witnesses.[1] Because Burgueno omitted evidence supporting the verdict, we deem his substantial evidence challenges forfeited. (*Ibid.*)

Next, an appellant's opening brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) With respect to his claim that the trial court abused its discretion in excluding evidence, Burgueno neglected to cite the

---

[1] Epic did not respond to Burgueno's opening brief in either case.

portion of the record in which the trial court made its ruling. It is not our burden on appeal to search the record for support of an appellant's arguments (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738), and we decline to root through the five volumes of reporter's transcripts in this case. Burgueno has not demonstrated an abuse of discretion.

Finally, it is the burden of an appellant to produce an adequate record on appeal that demonstrates that the trial court erred. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.) "The [appellant] must affirmatively show error by an adequate record. [Citations.] Error is never presumed. It is incumbent on the [appellant] to make it affirmatively appear that error was committed by the trial court. [Citations.] . . . 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' (Orig. italics.) [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) In the absence of a proper record on appeal, the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Here, Burgueno failed to include the reporter's transcripts for the hearings on his motions for new trial, judgment notwithstanding the verdict, and attorney fees. Without a complete record, we do not have the necessary information to conduct a meaningful and fair appellate review.

## DISPOSITION

The judgment and the trial court's orders denying his motions for new trial, judgment notwithstanding the verdict, and attorney fees are affirmed.

KRIEGLER, J.

We concur:

MOSK, Acting P. J.

MINK, J.[*]

---

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.