[Civ. No. 56924. Second Dist., Div. Five. Sept. 30, 1980.]

DOROTHY ALLEN, Plaintiff and Appellant, v.
WESTERN AIRLINES, INC., et al., Defendants and Respondents.

COUNSEL

Jacoby & Meyers and David R. Cadwell for Plaintiff and Appellant.

Darling, Hall, Rae & Gute and Paul L. Giannini for Defendants and Respondents.

OPINION

ASHBY J.—Plaintiff Charles R. Allen brought this action for an injunction, damages, and declaratory relief alleging that his employer, respondent Western Airlines, Inc., discriminated in employment by reason of age, in violation of Labor Code sections 1420.1 and 1420.15, by compelling Mr. Allen to retire on February 1, 1978, when he had reached normal retirement age of 65. The trial court granted summary judgment in favor of respondent, finding that the statute restricting mandatory retirement was inapplicable by virtue of its so-called two-year "grace period."[1]

---

[1]We use the terminology adopted by the Fair Employment Practice Commission. (Cal. Admin. Code, tit. 8, § 295.1, subd. (d).) The briefs refer to the two-year period as a "moratorium."

■ While this appeal was pending, Mr. Allen died. Preliminarily we dispose of respondent's contention that the appeal should be dismissed as moot. Mr. Allen's surviving spouse and successor in interest, Dorothy Allen, desires to pursue the appeal and has been substituted as a party pursuant to rule 48(a) of the California Rules of Court. Although it is no longer possible to reinstate Mr. Allen in his job, his complaint also sought "damages for loss of income and other benefits in an amount to be established at trial in the event that injunctive relief is not granted." His claim for monetary damages may be maintained by his executor or administrator. (Prob. Code, § 573.) ■ We find no merit to respondent's suggestion that even had he lived Mr. Allen could not have maintained a private action for back pay. Under Labor Code section 1426, the Fair Employment Practice Commission can order reinstatement with back pay, and under section 1422.2, subdivision (b), the aggrieved person may, after exhausting administrative remedies, "bring a civil action under this part" in superior court, thus implying a private cause of action for back pay. (See also *Bennett v. Borden, Inc.* (1976) 56 Cal.App.3d 706 [128 Cal.Rptr. 627].)

Turning to the merits, this case involves applying the undisputed facts to the third paragraph of Labor Code section 1420.15. That section provides in pertinent part: "Every employer in this state, except a public agency, shall permit any employee who indicates in writing a desire in a reasonable time and can demonstrate the ability to do so, to continue his employment beyond the normal retirement date contained in any private pension or retirement plan.

"Such employment shall continue so long as the employee demonstrates his ability to perform the functions of the job adequately and the employer is satisfied with the quality of work performed.

"This section shall not be construed to require any change in funding, benefit levels, or formulas of any existing retirement plan, or to require any employer to increase such employer's payments for the provision of insurance benefits contained in any existing employee benefit or insurance plan, by reason of such employee's continuation of employment beyond the normal retirement date, *or to require any changes in any bona fide retirement or pension programs or existing collective-bargaining agreements during the life of the contract, or for two years after the effective date of this section, whichever occurs first.*" (Italics added. See also Lab. Code, § 1420.1.)

This provision was enacted in 1977 and thus its effective date was January 1, 1978. (Gov. Code, § 9600.) Two years after the effective date was, of course, January 1, 1980.

Mr. Allen was hired by respondent in 1972, when he was 59. As a result of collective bargaining between respondent and the Brotherhood of Railway and Airline Clerks (BRAC) there has been since 1952 a "Western Air Lines, Inc. Retirement Income Plan for BRAC—Represented Agent & Clerical Employees." Mr. Allen worked in the reservations department in a position within the bargaining unit represented by BRAC. He enrolled in the plan in 1973. The plan provides that "[a] Participant's Normal Retirement Date shall be the first of the month coinciding with or otherwise next following his sixty-fifth (65th) birthday."

Mr. Allen reached age 65 on January 30, 1978, and was retired on February 1, 1978, over his objection that he wished to remain employed.

■ Appellant makes two basic arguments to avoid the two-year grace period. First, appellant argues that the retirement plan did not really provide for mandatory retirement at 65 because, despite its provision that "[a] Participant's Normal Retirement Date shall be the first of the month coinciding with or otherwise next following his sixty-fifth (65th) birthday," the plan also contained a provision stating, "A Participant may elect to remain in the employ of the Company beyond his Normal Retirement Date with the continuing consent of the Company." However, it is undisputed that respondent had never consented to the continued employment of any plan participant beyond age 65.[2] In a very similar case under the Federal Age Discrimination in Employment Act, the United States Supreme Court held that under such circumstances the plan should be regarded as one which requires retirement on the normal retirement date. (*United Air Lines, Inc.* v. *McMann* (1977) 434 U.S. 192, 196 [54 L.Ed.2d 402, 409, 98 S.Ct. 444].) February 1, 1978, was Mr. Allen's "normal retirement date" within the meaning of the first paragraph of section 1420.15.

Next appellant argues that the two-year grace period should be inapplicable if under the particular circumstances the employee's remaining

[2]According to a declaration submitted by respondent's expert actuary, such clauses are commonplace in corporate pension plans.

in employment would not as a practical matter change the funding or benefits of the pension plan. An actuary submitted a declaration on behalf of Mr. Allen stating that in his opinion the plan would not be affected or changed if Mr. Allen remained employed, because under the provisions of the plan neither Mr. Allen nor the company would make further contributions, and Mr. Allen would not receive an increased benefit when he retired at a later age. In addition, prior to his retirement date, Mr. Allen attempted to withdraw from the plan and waive all its benefits in order to remain employed.

■ Although the first portion of the third paragraph of section 1420.15 refers to changes in funding, benefit levels, or formulas of any existing retirement plan, the second portion (see italics added in the portion quoted *ante*) refers to "any changes" in any bona fide retirement or pension programs or existing collective-bargaining agreements. Once it is granted that as a practical matter the retirement program provides for mandatory retirement on the normal retirement date (*United Air Lines, Inc.* v. *McMann, supra*), to require the employer to permit continued employment beyond that date would be a "change" in the "retirement program."

Appellant's interpretation has not been adopted by the Fair Employment Practice Commission (FEPC). (Murphy, *Planning for the end of mandatory retirement* (1978) 53 State Bar J. 374, 375.) Pursuant to Labor Code section 1418, subdivision (a), the FEPC has issued regulations interpreting and implementing the statute. Section 296.0 of title 8 of the California Administrative Code provides, in part: "296.0. Retirement Practices. (a) Mandatory Retirement. It is discrimination on the basis of age for an employer to discharge or force the retirement of an employee because such employee has reached a certain chronological age over forty. However, where an employer maintains or participates in a bona fide retirement or pension program or is a party to an existing collective bargaining agreement and that program or agreement *authorizes or provides for the forced retirement of employees upon reaching a normal retirement date, such practice may continue during the grace period.*" (Italics added.)

■ The practical construction of the statute by the administrative agency having both the expertise and the duty to implement the statute should be treated with respect by the courts. (*People* v. *McGee* (1977) 19 Cal.3d 948, 961 [140 Cal.Rptr. 657, 568 P.2d 382]; *Mahdavi* v. *Fair*

*Employment Practice Com.* (1977) 67 Cal.App.3d 326, 338-339 [136 Cal.Rptr. 421].)[3]

We conclude the trial court properly found the grace period applicable and properly granted summary judgment for respondent.

Respondent's motion to dismiss the appeal is denied. The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.

---

[3]Mr. Allen filed a complaint with the FEPC on February 10, 1978. The commission dismissed the complaint on the basis of the regulations and the two-year grace period, finding that it had no basis to proceed.