[No. A040756. First Dist., Div. Five. Apr. 20, 1989.]

ROGER BAKER, Plaintiff and Appellant, v.
CHILDREN'S HOSPITAL MEDICAL CENTER et al., Defendants
and Respondents.

**COUNSEL**

Richard Marlowe for Plaintiff and Appellant.

Allen J. Berk, Michele A. Ballard and Pettit & Martin for Defendants and Respondents.

**OPINION**

**HANING, Acting P. J.**—Plaintiff/appellant Roger Baker appeals from summary judgment for defendants/respondents Children's Hospital Medical Center, Joyce Hane and Jerry Howe in appellant's action for employment discrimination. Appellant contends the trial court erroneously concluded that he failed to exhaust his administrative remedies, in that his complaint before the Department of Fair Employment and Housing (DFEH) was insufficiently comprehensive to permit the instant action.

■ Given the record before us, we emphasize at the outset some fundamental rules of appellate review: (1) the appellant has the burden of affirmatively demonstrating error by providing the reviewing court with an adequate record (Cal. Rules of Court, rule 5(a); *Scala v. Jerry Witt & Sons* (1970) 3 Cal.3d 359, 367, fn. 4 [90 Cal.Rptr. 592, 475 P.2d 864]), and (2) the reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, pp. 276-277.) Appellant has provided only the first cause of action of his complaint. Therefore, we obviously review the summary judgment only as it pertains to that cause of action, and deem the judgment otherwise correct.

## FACTS

Appellant, who is Black, was hired in July 1982 as a casual, on-call file clerk in respondent hospital's medical records department. On-call employees have no guaranty of minimum hours or set work schedules, and their work schedules depend upon the department's staffing needs. On-call employees have the responsibility of telephoning their supervisors to see if they are needed for work. While so employed, appellant was also a university student. During the school year he worked a weekend shift only, but during the summers of 1982 and 1983 he worked additional hours.

In the summer of 1984 appellant's immediate supervisor was James Haywood, respondent Hane was the director of medical records, and respondent Howe the vice-president of medical services. During the 1984 summer appellant asked Haywood for additional available hours, but was not assigned any. During this period he worked only the 7 a.m. to 3:30 p.m. weekend shift. In August 1984 appellant and other file clerks presented an internal grievance against Hane and the hospital, alleging racial discrimination. There was a hearing on their grievance in September, but the hospital closed the matter in November due to the grievants' failure to document their charges.

In May 1985 appellant filed a charge of discrimination with the DFEH, charging that during the summer of 1984 he was the victim of racial discrimination, in that he was denied the opportunity to work on-call hours in favor of a Caucasian employee with less seniority. The DFEH subsequently issued appellant a "right to sue" notice. Appellant, together with five other medical records department employees, then filed the instant action under Government Code sections 12920, 12921, and 12940,[1] which prohibit employment discrimination based on race, or in retaliation for the employee's

---

[1] Unless otherwise indicated, all further statutory references are to the Government Code.

opposition to an unlawful employment practice. They alleged generally that respondents harassed them, subjected them to differential treatment and biased evaluations, engaged in racial epithets, and denied them equal opportunities for promotions and pay raises based on race. They further alleged that respondents threatened to discipline them if they filed an internal grievance based on civil rights violations, and that after they filed their internal grievance, respondent Hane retaliated against them by increasing their work load and falsely reprimanding them. Appellant specifically alleged that respondent Hane, despite knowing that appellant was at all times available to work, stopped calling him for his on-call file clerk position and called instead Caucasian clerks with less seniority.

Respondents moved for summary judgment against appellant on the ground he was barred from asserting claims other than those specifically raised in his DFEH complaint (summer 1984). As to that claim, respondents argued he did not meet his burden of proving disparate treatment based on race, and that they demonstrated legitimate nondiscriminatory reasons for their actions.

Appellant does not contest the judgment as to his allegation of discrimination regarding his 1984 summer hours. ■ However, he contends he may raise allegations of discrimination related to those in his DFEH complaint: harassment, biased evaluations, and denial of pay raises and promotions due to his race and in retaliation for pursuing an internal grievance.

## DISCUSSION

The California Fair Employment and Housing Act (FEHA; § 12900 et seq.) guarantees employees freedom from job discrimination on the basis of race. (§ 12921.) Such discrimination is against public policy, and discrimination based on race or in retaliation for opposition to the employer's practice of racial discrimination is an unlawful employment practice. (§§ 12920, 12940, subds. (a) and (f).)

A person "claiming to be aggrieved by an alleged unlawful practice" may file a verified written complaint with the DFEH. The complaint must set forth, inter alia, the particulars of the unlawful practice. (§ 12960.) After an aggrieved employee files a complaint "alleging facts sufficient to constitute a violation of any of the provisions of [the FEHA], the department shall make prompt investigation in connection therewith." (§ 12963.) Following its investigation, the DFEH may follow various alternatives to resolve the complaint, including seeking conciliation, or filing an accusation against the employer with the Fair Employment and Housing Commission. (§§ 12963.7, 12965, subd. (a).) If no accusation is issued within 150 days after

the complaint is filed and the matter is not otherwise resolved, DFEH is obligated to inform the complainant in writing (commonly referred to as a "right to sue" letter) that he may bring a civil action under the FEHA. (§ 12965, subd. (b).) ■ "Only then may [the complainant] sue in the superior court 'under [the FEHA].' . . . [T]here is no right to sue . . . unless the Department fails to file an accusation before the Commission." (*Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 214, 218 [185 Cal.Rptr. 270, 649 P.2d 912] [an aggrieved employee must exhaust administrative remedies before proceeding with an action for damages]; see also, *Miller* v. *United Airlines, Inc.* (1985) 174 Cal.App.3d 878, 890 [220 Cal.Rptr. 684]; *Myers* v. *Mobil Oil Corp.* (1985) 172 Cal.App.3d 1059, 1063 [218 Cal.Rptr. 630]; *Snipes* v. *City of Bakersfield* (1983) 145 Cal.App.3d 861, 866 [193 Cal.Rptr. 760]; *Allen* v. *Western Airlines, Inc.* (1980) 110 Cal.App.3d 767, 770 [168 Cal.Rptr. 86]; *Bennett* v. *Bordon, Inc.* (1976) 56 Cal.App.3d 706, 709 [128 Cal.Rptr. 627]; *Hollon* v. *Pierce* (1967) 257 Cal.App.2d 468, 475-476 [64 Cal.Rptr. 808].)

■ Exhaustion of an administrative remedy is generally a jurisdictional prerequisite to an action in court. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 293 [109 P.2d 942, 132 A.L.R. 715]; *Miller* v. *United Airlines, supra,* 174 Cal.App.3d at p. 890.) ■ Here, it is undisputed that appellant filed a timely claim with the DFEH and that the DFEH issued a right to sue letter. The question is whether appellant can maintain the instant action for alleged incidents of discrimination which were not specifically enumerated in his complaint before the DFEH.

This question was addressed briefly in *Jones* v. *Los Angeles Community College Dist.* (1988) 198 Cal.App.3d 794, 810 [244 Cal.Rptr. 37]. Jones, a Black employee, filed a DFEH complaint alleging racial harassment by and preferential treatment of a White coworker, refusal by their mutual supervisor to reprimand the coworker, poor evaluations, denial of transfer requests, and unjust suspension. Six months later the DFEH issued a right to sue letter. It subsequently informed him his case was being closed " 'on basis of insufficient evidence to prove violation of the statute.' " (*Id.*, at p. 803.) He then filed an action for damages alleging, inter alia, racial discrimination in employment. Although the primary issue in the case was whether workers' compensation was Jones's exclusive remedy for his claims of racial discrimination, the court addressed the employer's secondary argument that "to the extent that factual bases exist for his claims of discrimination other than those fairly reflected in Jones' DFEH complaint, those other unspecified bases are barred by the failure to exhaust administrative remedies." The employer did not identify the allegations which were "purportedly not fairly reflected in the DFEH complaint." (*Id.*, at p. 810.) After remarking that "such a factually disembodied and hypothetical legal proposition is

inappropriate for summary judgment," the court noted that " 'allegations in a complaint [before the DFEH . . .] serve no purpose other than to get an investigation in motion.' [Citation.] Significantly, if the DFEH decides to issue an accusation, the accusation 'shall set forth the nature of the charges . . . and shall require the respondent to answer the charges at a hearing.' [Citation.] Thus, it is erroneous to assume . . . that because precise actions claiming to constitute racial discrimination may not be specifically mentioned in a DFEH complaint, the Department cannot investigate them and could not issue an accu sation based on the results of its investigation. Although no accusation was issued in the instant case, there is no evidence that the Department did not investigate all claims reflected in Jones' superior court complaint. We conclude that respondents' claims that appellant failed to exhaust administrative remedies are without evidentiary support in the record." (*Ibid.*)

Federal law takes a similar approach. ■ Because the antidiscriminatory objectives and the overriding public policy purposes of the FEHA and title VII of the Federal Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) are identical, we may refer to federal cases where appropriate, even though the two acts differ in some particulars. (See *County of Alameda* v. *Fair Employment & Housing Com.* (1984) 153 Cal.App.3d 499, 504 [200 Cal.Rptr. 381].)

As in California, a person alleging a violation of federal employment rights must first file a charge with the federal equivalent of DFEH, the Equal Employment Opportunity Commission (EEOC). Should EEOC choose not to pursue the charge, it issues the complainant a right to sue letter (42 U.S.C. § 2000e-5(f)(1)), which is a jurisdictional prerequisite to an action in the federal district court. (*Patterson* v. *General Motors Corp.* (7th Cir. 1980) 631 F.2d 476, 486.) The leading case on the standard under which the allegations of the EEOC charge limit the scope of a subsequent action is *Sanchez* v. *Standard Brands, Inc.* (5th Cir. 1970) 431 F.2d 455. (See Schlei & Grossman, Employment Discrimination Law (2d ed. 1983) p. 1117.)

In *Sanchez* the employee filed an EEOC claim stating that her employer harassed and abused her, refused to pay her for absences due to a work-related injury, and discharged her due to her sex and national origin. EEOC concluded that reasonable cause existed to believe the employer guilty of discrimination based on national origin but not sex, and issued a right to sue letter. (EEOC only investigates and seeks voluntary compliance; it does not have adjudicatory powers comparable to the California Fair Employment and Housing Commission.) Her action did not include some of the allegations in her EEOC claim (specifically, refusal to pay her salary during an

absence due to a work-related injury and discharge), but did include allegations not contained in the EEOC claim (i.e., limitation of employment and promotion opportunity, and threats to Black and Mexican-American employees; specifically, she alleged the employer had a system whereby minority group employees did all the cleanup duty, which duty was not prorated and was always done by minorities.).

The employer argued that the employee could not pursue her action because her allegations of discrimination were not sufficiently harmonized with the allegations in her EEOC charge, and that it contained allegations "new and distinct" from the allegations before the EEOC. The court disagreed, holding that "the specific words of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow. [¶] [T]he allegations in a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the [EEOC]' [Citation.] In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. [¶] The logic of this rule is inherent in the statutory scheme of Title VII. A charge of discrimination is *not* filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. Once a charge has been filed, [EEOC] carries out its investigatory function and attempts to obtain voluntary compliance with the law. Only if the EEOC *fails* to achieve voluntary compliance will the matter ever become the subject of court action. Thus it is obvious that the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation." (*Sanchez* v. *Standard Brands, Inc., supra,* 431 F.2d at pp. 465-466.) Because the employee's action alleging discrimination in promotion contained nothing beyond the scope of her charge before the EEOC (harassment and discharge), she was entitled to maintain her action.

In *Oubichon* v. *North American Rockwell Corporation* (9th Cir. 1973) 482 F.2d 569, the employee, pursuant to a federal requirement that a charge of racial discrimination in employment be filed with the state employment discrimination agency before being filed with EEOC (42 U.S.C. § 2000e-5(b)), filed a complaint with the DFEH alleging one incident of discrimination. After the DFEH rejected the claim, the employee filed an EEOC charge alleging the same incident, plus three subsequent incidents. The employer argued that the federal court lacked subject matter jurisdiction insofar as the employee had not exhausted his administrative remedies because he had not first brought all his allegations before the DFEH.

Referring to the "like or related" rule of *Sanchez, Oubichon* held that the "same standard should govern when the charge is first filed with a state agency. [Citation.] To force an employee to return to the state agency every time he claims a new instance of discrimination in order to have the EEOC and the courts consider the subsequent incidents along with the original ones would erect a needless procedural barrier." Because the employee's allegations could be characterized as describing "a chain of related actions designed to punish him for offending his employer" (*id.,* at p. 571), it could not be said as a matter of law that each of the four incidents was separate, as opposed to being reasonably related or growing out of the first incident. Therefore, the employee was entitled to proceed.

■ The record before us does not reveal the extent of the DFEH's investigation of appellant's complaint, or the reason it issued the right to sue letter. However, the allegations of harassment and differential treatment encompass the allegations of discrimination in his DFEH complaint. Moreover, it is reasonable that an investigation of the allegations in the original DFEH complaint would lead to the investigation of subsequent discriminatory acts undertaken by respondents in retaliation for appellant's filing an internal grievance. Consequently, we conclude the instant action is not barred by the exhaustion doctrine.

The judgment on appellant's first cause of action is reversed. In all other respects it is affirmed.

King, J., and Poché, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.