Filed 4/18/13  Friebel v. Bosenko CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| SUSAN FRIEBEL, | C071138 |
| Plaintiff and Appellant, | (Super. Ct. No. 174571) |
| v. | |
| TOM BOSENKO, | |
| Defendant and Respondent. | |

Plaintiff and appellant Susan Friebel, appearing pro se, appeals from the denial of her request that the trial court enter a civil harassment restraining order against Shasta County Sheriff Tom Bosenko.  (Code Civ. Proc., § 527.6, subd. (d).)  We cannot discern from Friebel's one-page argument on appeal why she believes the trial court erred in denying her request and, in any event, we must affirm summarily, because Friebel has not produced a record sufficient to enable appellate review.

FACTS AND PROCEEDINGS

Friebel filed a petition for a temporary restraining order and injunction to prevent Bosenko from harassing her.  Asked in the petition to describe how Bosenko harassed

her, Friebel wrote: "Sheriff Tom Bosenko seem [*sic*] to behave with high confident misconduct that is the purpose of my restraining order.  He persuades important officials my insurance settlement is his.  Murder is said to be involved:  please check Mormon contacts of Bosenko/Robinson."  At other times, Friebel averred, "[f]rom the date I attended a seminar How to Collect missing money that Belongs to a victim, a strong violent attack[,] hundreds of attacks[.]  Bosenko's kin call his 'surge':  pressure, lying about me:  I have been advise and I [illegible], on things native American Indians do not use, and much more to attack my reputation."  The trial court denied Friebel's request for a temporary restraining order.

No response from Bosenko appears in the record.

The trial court conducted an unreported hearing on Friebel's petition.  According to the minute order of those proceedings, Friebel appeared, testified, and requested that "the Court rescind a levy on her personal property and funds."  The court told Friebel its jurisdiction is limited to the requests made in her application for a restraining order; her application does not request an order to rescind a levy.

At the conclusion of the hearing, the court denied Friebel's petition, finding Friebel failed to meet her burden of establishing the need for a restraining order by clear and convincing evidence.

## DISCUSSION

At the outset, we observe that Friebel is not entitled to special treatment by this court because of her pro se status.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  We must hold her to the same standards as if she were a practicing attorney.  (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.)

Friebel's brief on appeal consists of the following argument:  "State of California's Shasta County respondent Tom Bosenko, Sheriffs division defrauds me of my belongings and my money; pertaining to Grand Larson [*sic*] federal codes.  In review

2

of Jim Neilsen's document from the State of California Department of Insurance the document shows I received a settlement and people began to process it into the sheriffs division.  Respondent invented and fabricated medical records, my bank account, official court documents; heinous obstruction to gain self-financial wealth and his joy in elimination of my culture, Native American Indian.  [¶]  The natures of this understanding to return my stolen money; my duty to break up the respondent's alleged trustees and shall overcome unjust treatment in judicious acts of thievery.  [¶]  I express my sincere gratitude to you, for justice in a grievance to collect my money."

Friebel attaches to her appellate brief a copy of a notice to vacate directed to Friebel by the Shasta County Sheriff, signed by Deputy Sean Robinson, and a letter to Friebel from Assemblymember Neilsen, explaining that resolving her problem concerning an insurance settlement is "outside the limits of my office."

Friebel's presentation on appeal lacks citations to pertinent authority or a coherent legal argument.  "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.  [Citations.]  When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'  (*Atchley v. City of Fresno* [(1984)] 151 Cal.App.3d [635,] 647; accord *Berger v. Godden* [(1985)] 163 Cal.App.3d [1113,] 1117  ['[F]ailure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the [claim of error.'].)"  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

In addition, the state of the record prevents us from assessing whether the trial court erred in denying her request for a restraining order.  "In assessing whether substantial evidence supports the requisite elements of willful harassment, as defined in Code of Civil Procedure section 527.6, we review the evidence before the trial court in accordance with the customary rules of appellate review.  We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate

3

and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

The party challenging the judgment or order has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Estate of Davis* (1990) 219 Cal.App.3d 663, 670, fn. 13.) "[T]he reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent." (*Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.)

Without a record of the evidence presented at the hearing, we have no alternative but to affirm the judgment. (*Webman v. Little Co. of Mary Hospital* (1995) 39 Cal.App.4th 592, 595; *Weiss v. Brentwood Sav. & Loan Assn.* (1970) 4 Cal.App.3d 738, 746-747.) The fact that there may not have been a reporter at the hearing is not a valid excuse. In lieu of a reporter's transcript, an appellant may proceed by way of an agreed or settled statement. (*Leslie v. Roe* (1974) 41 Cal.App.3d 104, 108; see Cal. Rules of Court, rules 8.134, 8.137.) Friebel did not pursue either option.

DISPOSITION

The order denying issuance of an injunction is affirmed.  Bosenko shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                                    HULL                    , Acting P.  J.



We concur:



        BUTZ              , J.



        HOCH             , J.