Filed 6/18/14  Marriage of Lak CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of JENNIFER S. AND DANIEL K. LAK. | |
| DANIEL K. LAK, | G048304 |
| Appellant, | (Super. Ct. No. 09D001393) |
| v. | O P I N I O N |
| JENNIFER S. LAK, | |
| Respondent, | |
| ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Respondent. | |

Appeal from an order of the Superior Court of Orange County, Richard G. Vogl, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Daniel K. Lak, in pro. per., for Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Ricardo Enriquez, Deputy Attorneys General, for Respondent Orange County Department of Child Support Services.

No appearance by Respondent, Jennifer S. Lak.

*       *       *

Daniel K. Lak appeals from an order denying his motion to set aside a portion of the judgment in this marital dissolution action on the ground of perjury, pursuant to Family Code section 2122, subdivision. (b) (§ 2122(b); unless otherwise designated, all further statutory references are to this code).  Specifically, Daniel sought to set aside the portion of the judgment establishing the amounts of spousal and child support he is obligated to pay his former wife, Jennifer, because she had allegedly understated her income level by a significant amount on her income and expense declaration.

The respondent in this appeal is "the Public Interest," represented by the local child support agency, Orange County Department of Child Support Services (DCSS), and the state Attorney General, under sections 17406 and 17407.  (See *In re Marriage of LaMoure* (2011) 198 Cal.App.4th 807, 812.)

On appeal, we are obligated to draw all inferences and indulge all presumptions in favor of the correctness of the challenged order.  Consequently, where, as here, there is no record of the evidence presented at the hearing, we must presume that evidence was sufficient to support the court's determination that Daniel failed to bring this motion in a timely fashion.  On that basis, we affirm the order.

FACTS

Our record in this appeal is quite limited, consisting only of a copy of the trial court's docket, the order appealed from, and Daniel's notice of appeal and

2

designation of the record. From this we discern that Jennifer petitioned for legal separation in February 2009, and Daniel responded with a request for marital dissolution in April 2009. Jennifer filed income and expense declarations in June 2009, February 2010 and April 2010. Also in April 2010, the parties entered into a stipulation for judgment. A marital dissolution judgment was entered in April 2011.

Daniel filed a motion to reconsider the judgment in May 2011 and a motion for sanctions in March 2012. In May 2012, Daniel also filed a motion for "simplified modification of support order."

Then, in November 2012, Daniel filed his motion to vacate or set aside the judgment. The court held a hearing on this motion in February 2013. Daniel and Jennifer both appeared at the hearing and both gave evidence. However, no court reporter was present. At the end of the hearing, the court took the matter under submission and informed the parties it would notify them of its order by mail.

In its order, the court stated it had taken judicial notice of its own file pursuant to Evidence Code section 452. After summarizing the history of the case, the court denied Daniel's motion, without addressing the merits, on three grounds: (1) it found that while relief under section 2122(b) is subject to a one year statute of limitations, Daniel waited 22 months before bringing his motion; (2) it found the support award was a product of the parties' stipulation, rather than the result of any allegedly perjured testimony given in a contested proceeding, and thus section 2122(b) did not apply; and (3) it found that the requested relief was barred by the doctrine of res judicata, as Daniel had previously filed *other* requests for hearings pertaining to support and "he could have brought forth" this perjury claim in the context of those requests.

DISCUSSION

Daniel contends all three of the grounds relied upon by the court to support its denial of his motion are fundamentally flawed, and thus the order must be reversed.

Unfortunately for Daniel, any one of these three grounds, standing alone, is a sufficient basis to justify the court's order. Moreover, "the appellant has the burden of affirmatively demonstrating error by providing the reviewing court with an adequate record . . . and . . . the reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent." (*Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060; see also *Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 889 ["on appeal we presume the trial court's order is correct, indulge all presumptions in favor of that correctness, and resolve all ambiguities in favor of affirmance"].)

Among other things, this standard of appellate review means that in the absence of a reporter's transcript or a settled statement which summarizes the evidence presented at the hearing in the court below, we must presume that evidence was sufficient to support whatever factual determinations were necessary to support the court's order. In this case specifically, it means we must presume the evidence presented was sufficient to support the court's determination that Daniel failed to bring his motion to set aside the marital dissolution judgment in a timely fashion.

Section 2122(b) requires that "[a]n action or motion based on perjury in the preliminary or final declaration of disclosure . . . *shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the perjury*." (Italics added.) On appeal, Daniel concedes that more than a year had passed between the date the marital dissolution judgment was entered and the date he

filed his motion to set it aside in November 2012 – and that more than two years had passed between Jennifer's alleged perjury in her income and expense report and the date he filed his set-aside motion. But then Daniel simply claims, without citation to any evidence in the record, that he first *discovered* Jennifer's alleged perjury in June 2012 – only five months before he filed his motion. And it appears Daniel would like us to further assume this date is also the earliest point at which he *should have* discovered the alleged perjury. If that were true, then Daniel's motion would have been timely.

But we cannot do that. Instead, we can only presume there was evidence adduced at the hearing which supported the trial court's apparent determination that Daniel discovered Jennifer's alleged perjury, or should have discovered it, more than a year before filing his set-aside motion. Stated another way, in the absence of an evidentiary record, the court's first ground for denying the motion is simply unassailable and we have no choice but to affirm the order on that ground.

Daniel's final contention is that the court also erred by refusing to restore to its calendar his earlier motion for a "simplified modification of child support." According to the court's order, Daniel's request to restore the matter to the calendar was denied because he had stated "no good reason for the court to grant the request. The matter was taken off calendar after a hearing before Comm. Neary. No transcript has been provided to the court of those proceedings. No points and authorities have been presented." While Daniel claims on appeal that the modification motion was previously taken off calendar because *Jennifer* had failed to file a required income and expense report, and thus there was good cause to restore it to the calendar, there is nothing in our record to support this factual assertion. Again, we are bound by our obligation to presume the trial court's order was correct, and in the absence of a record demonstrating that Daniel in fact demonstrated good cause to restore that earlier motion to the court's calendar, we must presume he did not.

5

DISPOSITION

The order is affirmed.  The parties are to bear their own costs on appeal.


                                                   RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.