Filed 4/9/15  Vasquez v. Los Angeles County Met. Transp. Auth. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| RAPHAEL VASQUEZ, | B255532 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC484335) |
| v. | |
| LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, | |
| Defendant and Appellant. | |


APPEAL from a judgment and the orders of the Superior Court of Los Angeles County, Kevin Brazile, Judge.  Affirmed.

Gutierrez, Preciado & House, Calvin House, Caroline Shahinian, for Defendant and Appellant.

Cummings & Franck, Scott O. Cummings, Lee Franck, for Plaintiff and Respondent.

_____

In this action for employment discrimination and retaliation, defendant and appellant Los Angeles County Metropolitan Transit Authority (MTA) appeals the judgment from a jury's verdict in favor of its former employee, plaintiff and respondent Raphael Vasquez, and the trial court's denial of its motions for judgment notwithstanding the verdict (JNOV) and new trial. The jury found in Vasquez's favor on all six of his causes of action: (1) retaliation in violation of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.) and the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940 et seq.); (2) disability discrimination (ADA and FEHA); (3) failure to provide reasonable accommodation (ADA and FEHA); (4) failure to engage in the interactive process (ADA and FEHA); (5) violation of rights under the California Family Rights Act (CFRA) (Gov. Code, § 12945.2); and (6) retaliation (CFRA). The jury awarded Vasquez damages of approximately $1.9 million.

MTA contends there is insufficient evidence to support the verdict as to Vasquez's causes of action for retaliation under the disability laws, violation of CFRA rights, and CFRA rights retaliation. MTA further contends the judgment should be reversed based on instructional error, bias of a juror who refused to be sworn in, and excessive damages.

We affirm the trial court's judgment and orders.

## FACTS AND PROCEDURAL HISTORY

Vasquez was hired as a part-time bus driver by MTA in October of 2007. He became a member of the United Transportation Union. The terms and conditions of his employment were governed by the collective bargaining agreement between the union and MTA.

Under the collective bargaining agreement, 6 separate incidents of absence in any 12-month period was considered excessive, and 8 separate absences over the same period was grounds for termination. If an employee worked for a period of 60 days without an absence, 1 absence would be removed from the employee's record. When an employee

2

planned to be absent, he or she was required to call in before the shift and inform a window operator of the reason for the absence. Employees accumulated 12 weeks of leave under the Family Medical Leave Act (FMLA) (29 U.S.C. § 2601 et seq.) in each 12-month rolling period. If an absence was designated as FMLA leave, it was not a chargeable absence under the attendance policy. Leave could be designated as FMLA or CFRA retroactively.

Vasquez suffered from several disabling conditions, including gout, avascular necrosis of the femur requiring hip surgery, and cataracts. He accumulated 6 absences within a 12-month period as follows: May 13, 2009, for failure to bring his credentials; June 13, 2009, for gout affecting his left foot; July 6, 2009, for gout; October 3, 2009, for hip pain; November 30, 2009, for gout; and April 23, 2010 to June 1, 2010, for hip replacement surgery and recovery. Vasquez took FMLA leave for his hip replacement surgery and recovery, but exhausted his FMLA leave during that absence and was placed on long term sick leave for the balance of his recovery period, which was deemed a chargeable absence. After he returned from long term sick leave, Vasquez was promoted to a full-time position. On August 6, 2010, Vasquez had an additional absence for fever. In September 2010, he received a three-day suspension by his supervisor, Regina Bird, for his absences. Vasquez complained to Bird that his punishment for absences due to his disabilities was unfair. On November 26, 2010, Vasquez was absent as a result of blurred vision due to his cataracts. Vasquez submitted medical documentation to support his absences to his supervisors throughout the period in which he took leave.

On January 6, 2011, Vasquez was notified that he was being charged with excessive absenteeism. A hearing was conducted by MTA's Thomas Mattocks on January 13, 2011. Mattocks understood that an employee was disabled if a medical condition limited his ability to perform a major life activity. He understood that gout and hip problems limited Vasquez's ability to walk, and that cataracts affected his ability to see. He understood that walking and seeing are major life activities. At the time of the hearing, Vasquez reported that his health was good: his gout had been treated, and he had undergone surgery for his hip and cataracts, which resolved those problems.

3

Vasquez had submitted medical records to his superiors stating that he was cleared for work. In particular, his doctor certified that the cataract surgery was successful and that he could return to driving. Mattocks decided Vasquez should be fired for excessive absenteeism. He was specifically concerned that Vasquez's vision would prevent him from safely driving a bus in the future. Mattocks testified, and MTA admitted, that if Vasquez's 2009 absences for gout and hip pain had been designated as CFRA leave, Vasquez would not have been fired.

Vasquez appealed MTA's decision and a second level hearing was held on March 11, 2011. The termination was upheld in a decision issued on May 19, 2011.

In October 2012, Vasquez was able to find temporary work as a transit driver for the University of Southern California. His new earnings were insufficient to cover his financial obligations. As a result, he was unable to pay for his son's college tuition, causing his son to leave school. He lost his house and filed for bankruptcy. He struggled to find work, and suffered from serious psychological conditions. Vasquez was diagnosed with chronic major depression and chronic generalized anxiety, which his treating psychiatrist and a forensic psychologist opined were likely to plague him for the rest of his life, even with treatment. He had suicidal ideations, insomnia, and loss of appetite resulting in weight loss of 40 pounds. His relationships with his wife and son were destroyed as a result of his financial and psychological problems.

Vasquez brought suit against MTA for employment discrimination and retaliation on May 19, 2012. The jury found in his favor by a vote of 12-0 on five causes of action, and by 11-1 on one cause of action. It awarded him $1,904,635 in damages for past and future lost earnings, medical expenses, and noneconomic loss. The judgment was entered on December 23, 2013.

MTA moved for JNOV and new trial, which the trial court denied in an order entered on March 14, 2014.

MTA appealed to this court, using Judicial Council Form APP-002. The form stated: "Los Angeles County Metropolitan Transportation Authority appeals from the following judgment or order in this case, which was entered on (date): March 14, 2014."

4

A list of check boxes following the statement allows the party to indicate the judgment or order it is appealing. MTA checked only the box for appealing the judgment after jury trial. It did not identify the order denying its motions for JNOV and new trial as being appealed.

**DISCUSSION**

**Sufficiency of the Evidence Claims**

In its opening brief, MTA contends that the trial court erroneously denied its motion for JNOV, because there is insufficient evidence to support the jury's verdict as to several causes of action. Vasquez argues that MTA forfeited this argument by failing to appeal the order, which is separately appealable. (Code Civ. Proc., § 904.1, subd. (a)(4); see *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8 [if order is appealable, an appeal must be taken or the right to appellate review is forfeited]; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1247.) The notice of appeal in this case does not specify that MTA is appealing the order denying JNOV, indicating that the MTA did not intend to appeal that order. (See *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 [notice of appeal must identify the particular order being appealed].) However, a challenge to the sufficiency of the evidence to support a judgment may be made for the first time on appeal from the judgment. (See, e.g., *Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11, 21, fn. 17.) Accordingly, MTA did not forfeit its sufficiency of the evidence claims on this basis.

Although the issue is not forfeited, we agree with Vasquez's alternative argument that MTA waived all of its sufficiency of the evidence arguments—including that the damages award was not adequately supported as the MTA contended in its motion for new trial—by failing to fully and fairly discuss conflicting evidence in its opening brief. (See *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 ["[a] party who challenges the sufficiency of the evidence to support a finding must

5

set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable"].)

MTA's omissions on this front are substantial and significant. MTA's substantial evidence arguments focused largely on whether Vasquez gave adequate notice that he was taking disability leave, whether MTA knew that Vasquez's medical conditions were disabilities, and whether substantial evidence supported the damages award. MTA's discussion of the evidence with respect to Vasquez's notice and its knowledge of his disabilities was limited to listing the one- and two-word notes taken down by window operators, who took calls from employees calling in sick, and "accept[ed] any given reason for the absence and [wrote] it down in the daily log." MTA's summary of the evidence omitted any mention of its own admissions or the deposition statements and testimony of Mattocks, the individual designated as its "person most knowledgeable" regarding Vasquez's dismissal. Mattocks was charged with reviewing Vasquez's employment records. He conducted the hearings, and recommended that Vasquez be fired. Mattocks's testimony was particularly harmful to MTA and supportive of the judgment in favor of Vasquez, evidencing that Mattocks understood Vasquez was absent due to his disabilities, and that he fired Vasquez both because he had been absent due to those disabilities, and because he feared that Vasquez's disabilities would render him unable to fulfill his job duties in the future, despite medical documentation to the contrary. MTA also failed to mention Vasquez's testimony that he complained to Bird that his suspension for absences due to his disabilities was unfair. MTA neglected to discuss the contents of the medical documentation Vasquez submitted to his supervisors, stating only, "[t]he fact that Vasquez may have turned over medical forms at various points of his employment to various persons at the MTA had no effect on what the window operators, who made the decision to mark Plaintiff as absent, knew." In so stating, MTA exaggerated the power of the window operators in the decision-making process, and unfairly presented only the brief notes of the operators to bolster its own case. (See *Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1255-1256

6

[sufficient evidence of notice of a disability shown by testimony that plaintiff gave medical forms to his supervisors].)

With respect to the evidence supporting the damages award, MTA's opening brief minimized the voluminous testimony regarding the devastating effect of the termination on Vasquez, stating "[t]he bulk of plaintiff's past emotional distress claim related to being unable to find comparable employment due to his age and being unable to financially provide for his family." Vasquez, his family, his psychiatrist, and a psychologist testified that he had suicidal thoughts, suffered severe depression and anxiety, lost his house, was unable to pay for his son's college education, and filed for bankruptcy. Vasquez's loss of employment fundamentally changed his life, causing his family relationships to deteriorate and his financial stability to crumble. MTA's characterization of his noneconomic damages is entirely inadequate for purposes of a challenge to the sufficiency of the evidence.

Because MTA did not provide the full and fair account of the facts required to preserve its sufficiency of the evidence claims, we deem them waived. (*Doe v. Roman Catholic Archbishop of Cashel & Emly*, *supra*, 177 Cal.App.4th at p. 212.)

**Claims Made in the Motion for New Trial**

MTA also challenges the trial court's order denying its motion for new trial, which raised issues of erroneous jury instructions, excessive damages, and juror bias. Vasquez argues that MTA's notice of appeal fails to preserve this issue because it neglected to specifically identify that the appeal is taken from the order denying a new trial. Vasquez is incorrect. The denial of a motion for new trial is not separately appealable, but may be reviewed on appeal from the judgment. (*Walker v. Los Angeles County Metropolitan Transp. Authority* (2005) 35 Cal.4th 15, 18.) Nonetheless, MTA forfeited its claims of instructional error because it agreed to the instructions as they were to be given. MTA has waived its arguments on appeal as to the contentions of juror bias and damages by failing to provide a complete record. In addition, MTA's claim that Juror No. 1 was not

7

sworn in is based on a faulty premise, and in any event, MTA has made no showing of prejudice.

### *Instructional Error*

"""[P]arties have the 'right to have the jury instructed as to the law applicable to all their theories of the case which were supported by the pleadings and the evidence, whether or not that evidence was considered persuasive by the trial court.' [Citation.] 'A reviewing court must review the evidence most favorable to the contention that the requested instruction is applicable since the parties are entitled to an instruction thereon if the evidence so viewed could establish the elements of the theory presented. [Citation.]' [Citation.]" [Citation.]' [Citation.]" (*Ayala v. Arroyo Vista Family Health Center* (2008) 160 Cal.App.4th 1350, 1358, italics omitted.)

Vasquez contends that MTA forfeited any objections to the jury instructions by stating to the trial court that it did not object to the instructions as modified. We agree.

In general, if a party requests a proper jury instruction and the court refuses to give the instruction, the party is deemed to have objected. (*Green v. State of California* (2007) 42 Cal.4th 254, 266; Code Civ. Proc., § 647.) However, if a party invites the error by requesting or agreeing to an allegedly incorrect instruction, the party forfeits any objection as a basis for reversal on appeal. (*McCarty v. Department of Transportation* (2008) 164 Cal.App.4th 955, 984 (*McCarty*).) The appellant bears the "burden of presenting a sufficient record to establish that the claimed error was *not* invited by [it], or be barred from complaining about it on appeal." (*Mayes v. Bryan* (2006) 139 Cal.App.4th 1075, 1091.)

Here, the record indicates that MTA requested CACI Nos. 2540 and 2541, which address when a condition may be considered a disability, and what knowledge an employer must have to support a claim of disability discrimination. The trial court refused these proposed instructions. The court and the parties then discussed Vasquez's Special Instructions, which addressed these issues. The court asked if MTA's counsel

had any objections to the Special Instructions, and counsel responded that he did not. The court explained that it intended to modify two of the instructions and asked if counsel agreed to the instructions as modified. Counsel stated that he agreed. Because MTA specifically waived any objection and agreed to the Special Instructions as they were given, it forfeited its contention that the instructions were erroneous on appeal. (*McCarty*, *supra*, 164 Cal.App.4th at p. 984.)

### *Juror Bias and Excessive Damages as a Basis for JNOV or New Trial*

In addition to the duty to set forth, discuss, and analyze all the evidence, it is the burden of an appellant to produce an adequate record on appeal that demonstrates that the trial court erred. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.) "The [appellant] must affirmatively show error by an adequate record. [Citation.] Error is never presumed. It is incumbent on the [appellant] to make it affirmatively appear that error was committed by the trial court. [Citations.] . . . 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' (Orig. italics.) [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) In the absence of a proper record on appeal, the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

MTA failed to meet its burden. The record does not contain either a reporter's transcript, or a suitable substitute such as a settled or agreed statement, of the hearings on the motions for new trial and JNOV. A complete record of the oral proceedings is necessary in this case because issues of excessive damages and juror bias involve discretionary determinations of the trial court. We cannot find prejudicial error without a complete record of these proceedings. We note that MTA also failed to include in its appendices a complete version of the trial court's order denying the motions—the portion

9

of the order provided in the record contained none of the trial court's reasoning—but that deficiency was cured by the appendix filed by Vasquez.

MTA's additional argument that Juror No. 1 was biased and refused to take the oath is contrary to the record. Although Juror No. 1 initially declined to take the oath, she later acquiesced and took the oath as directed by the trial court. Notably, counsel for MTA made no objection after Juror No. 1 was sworn in, despite being given the opportunity by the trial court. In any event, the jury votes were 12-0 and 11-1 on the various causes of action. MTA fails to explain how, in these circumstances, it was prejudiced by the presence of Juror No. 1. (Cal. Const., art. I, § 16 ["three-fourths of the jury may render a verdict"]; *Glage v. Hawes Firearms Co*. (1990) 226 Cal.App.3d 314, 323 fn. 5.) Reversal is therefore inappropriate. (Cal. Const., art. VI, § 13.)

## DISPOSITION

The judgment and the trial court's orders denying MTA's motions for new trial and JNOV are affirmed. Costs on appeal are awarded to Vasquez.


KRIEGLER, J.

We concur:


MOSK, Acting P. J.          GOODMAN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.