Filed 9/27/21  Charles v. U.S. Bank, N.A. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| STANLEY PETER CHARLES III, | C089024 |
| Plaintiff and Appellant, | (Super. Ct. No. TCU12-5038) |
| v. | |
| U.S. BANK, N.A., | |
| Defendant; | |
| TORY M. PANKOPF, | |
| Third Party Claimant and Respondent. | |

Appellant, Stanley Peter Charles III, appeals the trial court's order transferring the registry funds held with the court to Charles's former attorney's client trust account.  He complains:  (1) the trial court exceeded its subject matter jurisdiction in granting relief to nonparty former attorney Tory M. Pankopf; (2) Pankopf does not have a valid attorney fee lien; (3) Pankopf is not a third party beneficiary to the settlement agreement; and (4) Pankopf cannot demonstrate estoppel entitlement to the funds held in trust by the court.

1

We conclude Charles has failed to demonstrate the trial court was without *subject matter* jurisdiction to grant Pankopf's application to transfer the funds pursuant to language in Charles's settlement agreement, and any argument that the court acted in *excess* of its jurisdiction has been waived by Charles's failure to object below. Because the trial court expressly did not decide the ongoing dispute between Charles and Pankopf concerning those funds, we will not address defendant's remaining claims concerning an award that never occurred.

## FACTUAL AND PROCEDURAL BACKGROUND

As recounted in this court's earlier unpublished decision, Charles filed suit "for breach of contract, breach of implied covenant of good faith, failure to comply with mortgage statutes, promissory estoppel, and declaratory and injunctive relief." (*Charles v. U.S. Bank, N.A.* (Oct. 26, 2018, C082489) [nonpub. opn.].) The parties settled the vast majority of Charles's claims related to various banking entities in an agreement dated September 26, 2014 (the settlement agreement).[1] We recognized the binding nature of the settlement agreement in our previous opinion, which upheld the trial court's grant of summary judgment and dismissal of Charles's claims against the respondent banking entities.

On December 24, 2018, Charles's attorney Pankopf filed a document in the trial court entitled "AMENDED APPLICATION FOR AN ORDER TO RELEASE FUNDS DEPOSITED WITH COURT." This application stated that Pankopf, "attorney for Plaintiff STANLEY PETER CHARLES, III ('Plaintiff' or 'Charles'), applies for an order to release the funds deposited with the court by Plaintiff to the Law Offices of Tory M. Pankopf ('Application') pursuant to the settlement agreement . . . ." The application argued that the settlement agreement provided that the funds previously deposited with

---

[1] Expressly exempted from the settlement agreement was CitiMortgage.

2

the court were to be released following foreclosure and moveout and should be sent to Pankopf in accordance with settlement agreement paragraphs (d) and (h). According to the application, the trial court had previously determined that the funds deposited with the court had been set aside pursuant to the settlement agreement for the payment of Pankopf's attorney fees. Pankopf provided this written ruling filed on March 17, 2017, which denied a motion to release the funds held by the trial court to one of the banking parties to the settlement agreement.[2] The application averred Pankopf was owed $291,310.66 in legal fees and requested the court issue an order releasing the money deposited in the court account, with interest.

Charles, acting through new counsel, opposed Pankopf's application to release the funds deposited with the court, arguing: (1) Pankopf did not have a valid attorney fee lien and (2) any possible benefit owed Pankopf under the settlement agreement had been waived. In reply, Pankopf argued: (1) the settlement agreement clearly stated that the funds held by the court were to be released to Pankopf; (2) that consistent with his right to the funds held by the court, Pankopf had already received $30,000 from CitiMortgage; (3) that Charles should be estopped from denying Pankopf's claim to the money held by the court; (4) that Charles owed Pankopf fees and costs as a result of a 2011 fee agreement that provided for an hourly charge; (5) that Charles had not disputed the accuracy of the outstanding amounts owed; and (6) that the agreement to split the funds deposited with the court was predicated on the release of that money to Pankopf, which Charles failed to do.

---

[2] This motion was brought by Caliber Home Loans, Inc. (Caliber), and the ruling stated that the settlement agreement "transformed the funds deposited to the court by Charles from security to support the restraining order, into security to ensure payment to Mr. Pankopf of his attorneys' fees."

On January 24, 2019, Charles filed a request to file a surreply, including that surreply and supporting documents responding to Pankopf's reply brief. The record does not reflect that court ruled on this request. Thereafter, on January 25, 2019, the court issued a tentative ruling that stated in pertinent part: "Mr. Pankopf's Motion to Release Funds is granted as prayed. The settlement agreement on file with the Court and previously found to be enforceable by this court specifically states to release the funds to Pankopf. Thus, this Court will release the funds to Mr. Pankopf's client trust account. Whether or not a subsequent oral agreement was entered into between Mr. Pankopf and Mr. Charles is not an issue properly before this court. If Mr. Charles determines that Mr. Pankopf is overpaid by this distribution, Mr. Charles has other legal recourse available to him."

On January 28, 2019, the parties appeared at a hearing on the application wherein Charles argued that the court's tentative ruling failed to interpret the entire settlement agreement, and highlighted a provision awarding the funds deposited with the court to Charles following foreclosure and moveout. Charles requested amendments to the tentative ruling that would "release the funds to Mr. Pankopf's trust account with directions to allow Mr. Charles to obtain all funds that he deposited in the court register."

In response to these arguments, the court made clear that its ruling merely transferred the money into Pankopf's client trust account and did not decide whether Pankopf or Charles was entitled to those funds. Rather, if Pankopf and Charles could not come to an agreement regarding that money, another lawsuit to settle the issue would be required. The court also highlighted if Pankopf were to mishandle funds from the client trust account, that would be taken very seriously by the State Bar, and Charles would have other remedies, but not in this lawsuit. Accordingly, the court adopted the tentative ruling. Charles prematurely appealed the court's ruling the same day, on January 28,

2019.[3] The court's actual order granting the motion to release the funds to Pankopf's client trust account was executed February 22, 2019, and filed February 25, 2019. The trial court also denied Charles's motion to stay enforcement on the postjudgment order pending appeal on February 22, 2019.[4] At no time during these proceedings did Charles question the trial court's jurisdiction to rule on the application.

## DISCUSSION

It is axiomatic that Charles, as appellant, bears the burden on appeal of demonstrating prejudicial trial court error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; see *Estate of Davis* (1990) 219 Cal.App.3d 663, 670, fn. 13 ["to overcome the presumption of the correctness," appellant must assure record reflects the asserted error].) "[T]he reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent." (*Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Charles has failed to meet this burden on appeal.

We first note that if, as Charles asserts, the trial court had determined the validity of Pankopf's asserted attorney fee lien in Charles's breach of contract action, the trial court would have acted in *excess* of its jurisdiction. (See, e.g., *Brown v. Superior Court* (2004) 116 Cal.App.4th 320, 328-329 (*Brown*) [noting the longstanding rule that an

---

[3] Under California Rules of Court, rule 8.104(d)(2), we may treat this premature notice of appeal from the announcement of the intended ruling as having been filed immediately after the filing of the entry of judgment.

[4] Charles has not explained how his premature notice of appeal from the court's postjudgment order granting Pankopf's application operates to provide notice of appeal from the court's denial of his motion to stay enforcement of the order on Pankopf's application pending appeal, which was issued nearly a month later.

attorney must bring a separate action against the client to adjudicate any such lien].) However, that is not what the court did. While Pankopf may have requested the court release funds to him in light of his attorney fee lien, the trial court's ultimate determination on the application did not determine the validity of Pankopf's lien. Rather, the court made clear it was transferring the money held in trust by the court to Pankopf's client trust account and was not deciding the fee dispute between Charles and Pankopf. Transfer of those funds upon foreclosure and verification of moveout was dictated by the settlement agreement in the underlying case.

Moreover, assuming without deciding that the court's order granting Pankopf's application -- filed as Charles's attorney, but which Charles opposed with new counsel -- may have been in *excess* of the court's jurisdiction because Pankopf was not a party to the litigation (see *Brown, supra*, 116 Cal.App.4th at p. 328 [trial court has "*fundamental* jurisdiction over the subject matter and over the parties" but acts in excess of its jurisdiction if it adjudicates a contractual lien of a nonparty attorney in an underlying action]), we conclude any error was waived by Charles's failure to object. (*Id*. at p. 332 [a party may waive court action in excess of jurisdiction by not objecting thereto]; see *People v. Lara* (2010) 48 Cal.4th 216, 225 [contrasting objections to the lack of *fundamental* jurisdiction, which cannot be waived, with acts in *excess* of jurisdiction, which may be precluded by waiver].)

Finally, we note that nothing in the record demonstrates the trial court was without fundamental jurisdiction to enter the challenged postjudgment order. While the dismissal in favor of the respondent banks previously upheld on appeal is not part of this appellate record (*Charles v. U.S. Bank, N.A., supra*, C082489), it appears that the trial court retained jurisdiction over the matter, as both Pankopf acting for Charles and Caliber (a signatory bank to the settlement agreement) brought postjudgment motions entertained by the court regarding the disbursement of the funds held in trust. (See, e.g., *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 437-439 [the court's subject matter jurisdiction ends if

6

there is a voluntary dismissal of the entire action following settlement, but continues if only some of the parties are dismissed or if the court retains jurisdiction to enforce the settlement under Code of Civil Proc., § 664.6].)  If the court lacked fundamental jurisdiction to entertain the application pursuant to the settlement agreement, the record does not reveal it.  Accordingly, we reject Charles's jurisdictional arguments.

Because Charles's remaining contentions concern an affirmative award of the funds held in trust that did not occur, we do not address them here.

### DISPOSITION

The judgment is affirmed.  Respondent Pankopf shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/s/
Hoch, J.


We concur:


/s/
Hull, Acting P. J.


/s/
Murray, J.

7